EASTERN DIST.
*March*, 1840.

KIMBALL *vs.* PLANT ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

KIMBALL
*vs.*
PLANT ET AL.

A garnishee has no right, as such, to plead for any of the parties litigating for the property in his hands. He is viewed as a stake-holder, whose duty it is to declare the truth, and if his declaration be controverted, to support it, and prevent any improper decision to his prejudice.

Negotiable notes cannot be attached in the hands of the maker, after they are put in circulation.

14L 511
52 179

14 511
124 146

This case was before the court at the last May term, on the appeal of the intervenors. *See Ante*, 10.

On the return of the case to the Parish Court, the plaintiffs, being satisfied with their judgment against the defendants, took a rule on Messrs. Chittenden and Bailey, who had been cited as garnishees, to show cause why judgment should not be rendered against them separately for amount sufficient to satisfy plaintiff's judgment against the defendant, or why Bailey should not deliver up the money, bills of exchange, notes, acceptances, rights and credits, which he acknowledges to hold as the agent of the assignees of defendants. The parish judge, after hearing the parties, and the evidence adduced, gave judgment for the plaintiff against Bailey, requiring him to pay over six hundred and one dollars and seventy-two cents, and the further sum of one thousand nine hundred and thirty dollars and fifty-eight cents, the amount he confesses he holds in notes and bills, by delivering them up, or their proceeds; with the further sum of two thousand and seventy-one dollars, the amount of Chittenden's note, which he has received; and that the plaintiff recover from L. Chittenden two thousand five hundred and eighty-six dollars, but be credited with any amount paid by the other garnishee, after satisfying the sum of six hundred and one dollars, and the amount of such notes as he may have collected, &c., reserving plaintiff's rights against Chittenden for other notes, contested in another suit, &c. The garnishees appealed.

*Johnson,* for the appellants, contended :

1. The former judgment of this court decided this point only, that " a voluntary assignment, made in New-York by a commercial firm established there, and wherein credits in Louisiana are assigned, can defeat an attachment sued out by a New-York creditor, and executed upon those credits, before notice of the assignment had been given to the garnishee. The answer of Bailey (garnishee) shows, that he had notice of the assignment before the attachment. The property in his hands was, therefore, validly transferred, and not subject to plaintiff's attachment. *Louisiana Code,* 2612, 2613.

2. The answer of L. Chittenden, one of the garnishees, shows, that he owed defendants a sum of five hundred and fourteen dollars and fifty-six cents, open account, and several negotiable notes, payable to defendants or order. These notes could not be attached, except in the hands of the holders. Judgment should, therefore, have been given for the sum, on open account only, as against said Chittenden. 16 *Daranton, number* 505, *page* 516 ; 17 *Toullier,* 2 *Duvergier, number* 211, *page* 243.

3. The note of Chittenden, which was held by Bailey, and for which the court below gave judgment in favor of plaintiff against both garnishees, was never attached in the hands of either : not in the hands of Chittenden, because attachment in the hands of the maker of a negotiable instrument, cannot affect a *bona fide* holder ; nor, in the hands of Bailey, because it was validly transferred, with notice of transfer, before the attachment was laid. The garnishees are not parties to the judgment against defendants and intervenors, except so far as their answers show that they have property in their hands, which ought to go to satisfy that judgment. The judgment of the court below against the garnishees, obliges them to pay, or surrender property which did not belong to defendants, and subjects them to the danger of paying the same twice. This judgment is, therefore, contrary to law and evidence, and should be reversed, for the protection of the garnishees.

*Elmore* and *King*, for the plaintiff and appellee, insisted on the affirmance of the judgment.

EASTERN DIST.
*March,* 1840.

KIMBALL
*vs.*
PLANT ET AL.

*Morphy, J.,* delivered the opinion of the court.

This case came up last May term, on an appeal from a judgment of the Parish Court, dismissing the intervention of Perkins and Putnam, in this suit. The latter had claimed, under an assignment executed to them in New-York by defendants, certain notes and credits, attached by the plaintiff in the hands of Chittenden and Bailey, the present appellants. The judgment appealed from, was affirmed by this court, on the ground, that a voluntary assignment, made in New-York by a commercial firm established there, and wherein credits in Louisiana are assigned, cannot defeat an attachment sued out by a New-York creditor, and executed upon those credits, before notice of the assignment had been given to the garnishee. The judgment, thus affirmed, not having decreed the garnishees to pay over to plaintiff the property attached in their hands, plaintiff took a rule in the court below, on Chittenden and Bailey, the garnishees, to show cause why judgment should not be rendered against them separately, for an amount sufficient to satisfy his, plaintiff's, judgment, or why Bailey should not deliver to the plaintiff the money, bills of exchange, notes, &c., which he had acknowledged to hold as agent of the assignees of defendants. On this rule, the judge below decreed Bailey to deliver to plaintiff all the notes and credits he held as agent of the intervenors, or their proceeds, together with certain sums he had collected, the whole amounting to four thousand six hundred and three dollars and seventy-six cents. Chittenden was ordered to pay plaintiff the sum of two thousand five hundred and eighty-six dollars and seven cents, &c. After an unsuccessful effort to obtain a new trial, the garnishees took this appeal.

Although they both appear before us in the same capacity, yet their position is different in relation to their liability. It will, therefore, be proper to notice separately the relief they seek to obtain.

Bailey was not indebted to defendants. He had answered that he held some property as agent of Perkins & Putnam, the assignees of the defendants. His principals intervened in this suit, and their rights were finally adjudicated upon, in this court. Notwithstanding this, Bailey now attempts to revive, for their benefit, pretensions which have already been repudiated. He contends, that he having had notice of the assignment to the intervenors before he was made a garnishee, the property in his hands. was validly transferred, and not subject to the plaintiff's attachment. Whatever may be our opinion in relation to this position, as supported by the evidence in the first record before us, we cannot listen to Bailey. A garnishee has no right, as such, to plead for any of the parties litigating for the property in his hands. He must be viewed in the light of a stake-holder. All he has to do in court, is to tell the truth, and if his declaration be controverted, to support it, and prevent any improper decision being made to his prejudice. If any such decision is made, he has no doubt the right of bringing it up for our revision, but he cannot be permitted to call our attention to errors which, if they exist at all, affect the rights of the other parties, and in no way concern him ; still less can he do this, when, as in the present case, there is *res judicata* as to those rights.

*A garnishee has no right, as such, to plead for any of the parties litigating for the property in his hands. He is viewed as a stake-holder, whose duty it is to declare the truth, and if his declaration be controverted, to support it, and prevent any improper decision to his prejudice.*

*Negotiable notes cannot be attached in the hands of the maker, after they are put in circulation.*

Chittenden, the other garnishee, had answered, that he owed defendants five hundred and fourteen dollars and fifty-six cents, on an open account, and that, in consideration of goods sold to him by defendants, he had given them four notes in a negotiable form, payable at different periods, but that he did not know in whose possession these notes were. It is clear, that an attachment in the hands of the maker of a negotiable instrument, cannot affect a *bona fide* holder. We have but a few days since determined, that, by pursuing this course, a creditor cannot be considered as having attached any thing belonging to his debtor. We think, then, that, so far as Chittenden is concerned, there is error in the judgment under review.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, as against Bailey,

and be so amended in relation to Chittenden, as to decree him to pay only five hundred and fourteen dollars and fifty-six cents, amount due on open account, and that plaintiff and appellee pay the costs of this appeal.