HENRY BRODE *v.* THE FIREMEN'S INSURANCE COMPANY OF
NEW ORLEANS.

A garnishee cannot interfere, as to the merits of the case, between the plaintiff and defendant.

No express authority in the charter of a corporation is necessary to authorize it to make a promissory note, in the course of their legitimate business.

A creditor who has obtained judgment against a corporation and issued execution thereon, may propound interrogatories to any stockholder, under the 13th section of the stat. of 20 March, 1839, to ascertain whether the whole amount of his stock-subscription has been paid in ; and if any portion be unpaid, it may be seized by the creditor in satisfaction, as far as it will go, of his judgment. The fact of other stockholders having paid less than their proportion, is a matter to be settled between the stockholders themselves.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*Lowndes,* for the plaintiff, cited stat. 20 March, 1839.  *Cucullu et al.* v. *The Union Insurance Company,* 2 Robinson, 571.

*Kennicott* and *Frazer,* for the appellants.

MORPHY, J.  The plaintiff having obtained a judgment against the Firemen's Insurance Company of New Orleans, as drawers of a promissory note for $741 64, to his order, sued out a writ of *fieri facias,* which being returned *nulla bona,* an *alias* writ issued and interrogatories were propounded to some of the stockholders of the company, under the 13th section of the law of 1839, to ascertain the amounts respectively due by them to the defendants, on their subscription to the capital stock.  To these interrogatories Taylor & Hadden answered, that, in January, 1843, they became stockholders for thirty shares in the Firemen's Insurance Company, which they still own, and on which they had paid $1164 98, being thirty-eight dollars, and sixteen cents on each share of fifty dollars, which was $319 98 more than had been called in, and more than had been paid by the other stockholders, and that, consequently, the company owed them this amount.  On these answers, the garnishees, Taylor & Hadden, were decreed to pay the balance of their subscription, to wit, $11 84 per share, making $355 20.  They have appealed.

Their counsel has urged, that the defendants had no right under their charter, to make and issue promissory notes.  Even if

this were true, it would furnish to the appellants no just ground of defence against the claim of the plaintiff, as it has now ripened into a judgment from which no appeal has been taken. They have moreover, no right to interfere with the merits of this case, as between the plaintiff and the defendants; but if it were competent for them to raise this point, we see nothing in the charter of the company to sustain it. When, in the course of their insurance business, the company have incurred losses, and have not the cash on hand to meet it, why should they not give a written acknowledgment of their liability, and promise to pay the debt at some future period? It is believed to be the way in which most of the insurance offices settle their losses, for the payment of which their policies generally stipulate some delay. The note given to the plaintiff, being a contract made by the defendants in the course of their legitimate business, no express authority in their charter was necessary to enable them to make it. Angel & Ames, 145.

The appellants further urge, that the plaintiff has mistaken his remedy, and that the directors of the company ought to have been compelled, by a writ of *mandamus*, to enforce payment from the stockholders of a sum necessary to pay the debts of the corporation. This ground of defence has been considered and disposed of in the case of *Cucullu and others* v. *The Union Insurance Company*, 2 Robinson, 571. The appellants having paid on the amount of their stock only thirty-eight dollars and sixteen cents per share, are liable for the balance. If other stockholders have paid less than they have, it is a matter to be settled between themselves; but as regards third persons, each stockholder is liable for the full amount of his subscription, which, being due to the company, can be seized by its creditors.

*Judgment affirmed.*