# THE CITY OF LAFAYETTE *v.* PRESTON, Executor.

Property of a succession offered for sale at twelve-months' credit under a *fi. fa.*, may be purchased by the executor, for the benefit of the succession, with a view to obtain an extension of time for the payment of the debt ; and a twelve-months' bond, executed by him for the price, will be valid. The effect of the adjudication was not to acquire for the succession property it did not previously possess, nor to change the nature of its title. The heirs alone can complain of the purchase. If they repudiate the act on the ground that the price offered by third persons for the property was adequate, the only consequence will be that they may insist on the executor's taking the property, and accounting to them for the price.

LAFAYETTE
*v.*
PRESTON.

A judgment is not satisfied, nor novated, by the taking of a twelve-months' bond for the price of property sold under a *fi. fa.*

APPEAL from the District Court of Lafayette, *Clarke*, J.   *Michel*, for the appellants, cited 8 Mart. N. S. 451.   C. C. 1672, 1673.   *Preston, pro se.*   The judgment of the court was pronounced by

KING, J.   The plaintiffs issued an execution on a judgment obtained against the defendant as executor of *Robert Layton*, deceased, in virtue of which a lot of ground was seized, and, at the second exposure, was adjudicated to the defendant, *Preston*, in his capacity of executor, who gave his twelve-months' bond for the price of adjudication, with surety, the sufficiency of which is not questioned.   The plaintiffs declined receiving this bond from the sheriff, and took a rule upon the defendant to show cause why the adjudication should not be set aside, on the ground that, in his capacity of executor, he was not empowered to purchase the property, nor to execute a bond by which the succession he represents would be bound.   The rule was discharged in the court below, and the plaintiffs have appealed.

The district judge did not, in our opinion, err.   The effect of the adjudication has not been to acquire for the succession of the testator property which it did not previously possess, nor to change the nature of its title.   Nor does the bond given in virtue of it impose a new, or more onerous obligation, on the estate.   The debt was due by a judgment, which was not satisfied, nor novated by the bond, and which still exists in full force against the succession.   It is not pretended that the defendant purchased for his individual use and benefit.   He appears to have availed himself of the right accorded to judgment debtors by the 688th article of the Code of Practice, to purchase in the property for the benefit of the succession he administers, with the view of obtaining an extension of time for the payment of a debt which he was not prepared to meet.   Neither the object nor the effect of the adjudication was to acquire property, nor increase the obligation of the succession, but to prevent a sale to third persons, and to obtain time for the payment of its debts.   The heirs alone can complain.   If they repudiate the act on the ground that the executors should have permitted the adjudication to a third person, the price offered being adequate, the only consequence will be that they may insist on the executor's taking the property, and accounting to them for the price of adjudication.   But the succession will be still bound for the debt; and, in any event, the plaintiffs may proceed to seize and sell the property, in satisfaction of their bond.   *Bank of Louisiana* v. *Déjean*, 12 Rob. 17, 19.

*Judgment affirmed.*