## DORSEY v. HILLS.

A judgment prepared and signed by the judge in vacation, in a case in which no decree could be rendered at chambers, has no effect until entered upon the records at the ensuing

term (C. P. 543, 544); and an appeal may be obtained, on motion, at that term. *Stat. of 22 March, 1843.*

Working animals may be seized separately from the plantation to which they are attached, when the debtor himself points them out to the sheriff for seizure. Under such circumstances the debtor cannot afterwards object to the seizure.

Where in a petition to enjoin a sale, specific objections are made to the manner of advertizing it, evidence will be inadmissible to establish other irregularities. The proof should be confined to the objections specified.

An injunction will not be dissolved where the facts show that the party will be immediately entitled to resort to the same remedy; but such facts must appear on the face of the proceedings,.or from evidence legally admitted, or received without objection.

DORSEY<br>v.<br>HILLS.

APPEAL from the District Court of Carroll, *Curry,* J. *Browder,* for the appellant. No counsel appeared for the plaintiff. The judgment of the court was pronounced by

KING, J. A motion has been made to dismiss the appeal in this case, on the ground that it was taken by motion in open court at a time subsequent to that at which the judgment was rendered. Acts of 1843, p. 40.

It appears that the cause was tried at the November term of 1844, but was not then determined. After the adjournment of the court the judge prepared and signed a decree, which was not spread upon the minutes until the next ensuing term, in April, 1845, when a motion for a new trial was made, which being over-ruled, an appeal was taken by motion. The judge could render no judgment in a contestation of this kind at chambers, and the decree signed by him during vacation acquired no force as such until it was entered upon the records. C. P. 543, 544. At the time when this was done, the appeal was taken by motion. The appellant was within the provisions of the act of 1843. The motion to dismiss is therefore overruled.

Upon the merits, the plaintiff enjoined the execution of a writ of *fieri facias* on two grounds: 1st. That the advertizement of the property was illegal, because made by a person not authorized to perform the act, and because the property was not described with sufficient accuracy; and 2d. Because the judgment on which the writ issued should have been credited with a sum of $300 paid on account.

The objection to the authority of the person who advertized the sale was unfounded. The advertizements were made and posted up by the sheriff. The property seized is described in the advertizements as twelve good work horses. This description was held by the judge to be sufficient, and we concur in opinion with him, there being no evidence showing that they possessed qualities which required a more specific designation.

The district judge also considered that the plaintiff had failed to prove the alleged credit, and his conclusion is supported by the record. But he sustained the injunction on two grounds not urged in the plaintiff's petition, viz: 1st. That working animals can not be seized separately from the plantation to which they are attached. 2d. That the advertizements were all posted up in the same village, and not at three different points in the parish.

As regards the first ground, it appears to have escaped the district judge that the plaintiff himself pointed out to the sheriff the property seized, and could not therefore have made the objection to the legality of the seizure which has been urged in his behalf.

The evidence in relation to the second ground was objected to, and a bill of exceptions taken to the opinion of the judge receiving it. The evidence

DORSEY
v.
HILLS.

was clearly inadmissible under the pleadings. The specific objection to the advertizements were, that they were not made by a duly authorized officer, and that the description of the property was indefinite. To those allegations the proofs should have been confined. *Landry* v. *Leglise*, 3 La. 219. No complaint was made that they had not been posted up at the proper places. It is true that courts will not dissolve injunctions when the facts show that the party would be immediately entitled to resort to the same remedy. But such facts must appear upon the face of the proceedings, or from evidence legally admitted under the pleadings, or received without objection. If the ground assumed by the judge had been taken by the plaintiff originally, it is obvious that the defendant could have remedied the defect by giving to the sale the publicity which it is contended that the law requires. The defendant has been unnecessarily impeded in the execution of his judgment, and we think that he is entitled to the damages claimed.

The judgment of the District Court is therefore reversed, and it is ordained that the injunction issued in the case be discharged, and that the defendant *Hills* recover from the plaintiff *Zachariah H. Dorsey*, and his surety, *Thomas V. Davis*, *in solido*, the sum of $87 34, as damages, being twenty per cent on the amount of the judgment enjoined. It is further ordered that the plaintiff pay the costs of both courts.