No. 7552.

EDWARD F. STOCKMEYER & CO. VS. DANIEL WEIDNER AND JACOB WEIDNER.

In actions of rescission, it is proper and necessary to make all parties to the transaction
    parties to the suit, and this may be done by amended petition, if not originally done.
Evidence taken in another suit, between other parties, is not admissible if objected to.
Where one surrenders his debtor's note to a third person for the latter's check, and the check
    is dishonored, that fact alone entitles the party to a resolution of the transaction.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor*,
    J.

*E. W. Huntington, Thomas Gilmore & Sons* for plaintiffs and ap-
pellants.

*William S. Benedict* and *Charles F. Buck* for defendants and ap-
pellees.

---

E. W. Huntington and T. Gilmore & Sons, for plaintiffs, contended:

First—The giving of a check (not paid upon presentation) is not.pay-
    ment ; nor is it novation. 11 A. 28 ; 1 Hall's N. Y. Rep. 68.

Second—The receiving of the check in this case did not operate as an
    extinguishment of the mortgage note. Pothier on Obligations, p. iii.
    c. 2, sec. 4, p. 354 ; 2 N. S. 543 ; 4 A. 281.

Third—Estoppel does not apply. One cannot avail himself of an es-
    toppel who would not have been estopped by it had it been the
    other way. Bigelow on Estoppel, p. 46 ; Robinson's Practice, vol.
    7, p. 250.

W. S. Benedict and C. F. Buck, for defendant, contended :

First—The word *indorse* imports a delivery and transfer to the indorsee.
    Byles on Bills, 6th American edition, marginal, p. 150.

A note payable to order may be transferred without indorsement. In-
    dorsement proved by parol, 2 L. 89. Delivery will pass a good title.
    29 N. J. Eq. 547.

Second—D. Weidner cannot be held on the note which Stockmeyer gave
    up for the check which the Hibernia Bank paid him.

Third—The immediate legal effects of Stockmeyer's suit and *recovery*
    on the check received from J. Weidner are obvious. They work
    an estoppel. 22 A. 429 ; 28 A. 139.

Fourth—A party cannot do an act which he is at liberty to abstain from,
    and by a mere reservation screen himself from the consequences.
    18 A. 59.

---

The opinion of the court was delivered by

SPENCER, J. The substance of plaintiffs' original and amended peti-
tions, may be stated briefly as follows :

That plaintiffs held a mortgage note of Daniel Weidner, dated March 27th, 1873, and due twelve months thereafter, for some $4000. That on the 7th of September, 1874, Jacob Weidner (a son of Daniel) tendered to plaintiffs his check for $3924 45, on and certified by the Hibernia Bank, in payment of said note and in discharge of the drawer. Said check was received by plaintiffs, who surrendered to Jacob Weidner the mortgage note of Daniel. The check was drawn by Jacob to his own order, and when he gave it to plaintiffs he neglected to indorse it. Plaintiffs presented the check to the bank, and payment was refused, on the alleged ground that it was not indorsed. Thereupon the check was protested, and this suit brought for the double purpose, first, of enforcing against Daniel Weidner the original debt evidenced by the mortgage note, and, second, to have rescinded and annulled for fraud and error the transaction whereby the plaintiffs surrendered that note for the check, which last is annexed and tendered back to Jacob Weidner. Jacob Weidner, having absconded and left the State, he was cited through a *curator ad hoc*. Jacob Weidner was made party by supplemental petition, and it was excepted to by D. Weidner, on the ground that it altered the substance of the issue. We think that it was necessary to have Jacob Weidner as a party, and that the rescission of the transaction with him was a necessary incident to the enforcement of plaintiffs' demands against Daniel Weidner. That while the transaction with Jacob remained unrevoked no enforcement could be had of the note by and for the benefit of plaintiffs. We see no objection to the cumulation of these demands in one suit.

It is very clear that the note was surrendered and given to Jacob Weidner in error by plaintiffs, and that the non-payment of the check entitled them to rescind the transaction and retake the note.

There is also in this record full proof that Jacob Weidner procured the certification of his check by the Hibernia Bank by the grossest fraud; but that evidence consists of the testimony of witnesses taken in another suit, to which neither of the defendants were parties. The court manifestly erred in admitting it against the exception and objection of defendants. It cannot, therefore, be considered in this case. But we think that the fact of non-payment alone of the check entitles plaintiffs to the resolution and rescission of the transaction with Jacob Weidner, whether the latter was guilty of fraud or not. This results from the resolutory condition implied by law in all synallagmatic contracts.

But it is asserted by the defendants that the check has been paid, and that, therefore, plaintiffs are without right to maintain this suit. This defense rests upon the following state of facts :

Some time after the present suit was brought against Daniel Weidner, the plaintiffs sued the Hibernia Bank on the check. The bank

resisted that suit upon the grounds that the check, not being indorsed, was subject in Stockmeyer & Co.'s hands to all the defenses that the bank could urge against Jacob Weidner. It alleged and conclusively proved that its certification of the check was procured by the fraud and rascality of Jacob Weidner. The court below gave judgment, however, against the bank, and the bank took a suspensive appeal. Pending that appeal, an adjustment was effected between the bank and Stockmeyer & Co. The document evidencing that adjustment is certainly very inartistically drawn, and its meaning obscure. But the defendants put Stockmeyer's attorney on the stand, and obtained from him an explanation of its meaning, which may be summarized thus :

Stockmeyer & Co. had great doubt of getting their judgment against the bank affirmed on appeal. The bank agreed to and did buy one half-interest in Stockmeyer & Co.'s claim against Daniel Weidner, at its face value, and were subrogated thereto to that extent. In consideration of this transaction, Stockmeyer & Co. abandon their claim against the bank on the check, which they produce in the present suit and tender back to Jacob Weidner. We do not find in this transaction any payment of the check. We see no wrong to anybody. Jacob Weidner gets back his check, and if the bank is bound on the check he can enforce its payment. Daniel Weidner is not made liable for one dollar beyond what he owed on the note, which he in his answer expressly avers he has never paid, or authorized to be paid. If the note was not given up to him by Jacob, as plaintiffs allege, it was at least passed due, and there is no danger of any transferee of Jacob, or of Jacob himself, ever enforcing it a second time against him. If Daniel will pay the judgment we shall render against him, then Stockmeyer & Co. will have received enough to fill the measure of their rights, and to refund the bank the sum expended by it in the purchase of a share in the Daniel Weidner debt. In a word, everybody will get what belongs to him, and no more. It is rare that such an opportunity offers for setting everybody even, and saving them harmless from the effect of so bold a swindle as that perpetrated by Jacob Weidner.

The judgment appealed from is erroneous, and the same is hereby annulled and reversed ; and proceeding to render such judgment as should have been rendered below, it is now ordered, adjudged, and decreed that the plaintiffs, Stockmeyer & Co., do have and recover of the defendant, Daniel Weidner, the sum of four thousand dollars, with eight per cent interest thereon from 27th day of March, 1874, until paid, and also the further sum of five per cent for attorney's fees on amount of the above judgment, and also the further sum of thirty-eight 25-100 dollars for insurance paid on the mortgaged premises hereafter referred to, as well as costs of suit.

Stockmeyer vs. Weidner.

It is further decreed that the special mortgage claimed by plaintiffs, and contained in the act annexed to their petition, and passed before Cuvellier, notary public, on the 27th day of March, 1873, be and the same is hereby recognized and rendered executory against the property therein described, and that the same be seized and sold to pay the above judgment.

It is further decreed that the delivery of the mortgage note described in plaintiffs' petition to Jacob Weidner, in exchange for the latter's check on the Hibernia Bank, be decreed null and void, and plaintiffs are declared the owners of said note, and Jacob Weidner the owner of said check.

It is further decreed that plaintiffs have judgment against Jacob Weidner for the costs of this suit.

Rehearing refused.