(49 South. 1007.)

No. 17,659.

JOHNSON v. MURPHY.

In re D. H. HOLMES CO., Limited.

(June 14, 1909.)

1. TIME ( 10*)—COMPUTATION—SUNDAYS.

As the three days for answering in the city court, allowed by article 1082 of the Code of Practice (as amended by Act No. 16. p. 13, of 1894), do not, of necessity, include a Sunday, that day is to be excluded in computing the delay.

[Ed. Note.—For other cases, see Time, Cent. Dig. § 42; Dec. Dig. § 10.*]

2. APPEAL AND ERROR (§ 895*)—GARNISH-MENT—TRIAL DE NOVO.

A garnishee, in a proceeding purporting to be founded upon a judgment and writ of fieri facias, may show, upon a trial de novo in the Court of Appeal, that such judgment was obtained by default against an unrepresented minor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3045; Dec. Dig. § 895.*]

(Syllabus by the Court.)

Action by W. P. Johnson against Joseph Murphy. Judgment for plaintiff, and judgment pro confesso against the D. H. Holmes Company, Limited, garnishee. Judgment affirmed by the Court of Appeal, and the Holmes Company, Limited, applies for certiorari or writ of review. Reversed and remanded.

McCloskey & Benedict and Frank William Hart, for D. H. Holmes Co., Ltd. Howell Carter, Jr., for respondent.

MONROE, J. Plaintiff obtained judgment in the First city court of New Orleans, against Joseph Murphy, a minor, by default, and issued a writ of fi. fa., under which he caused the D. H. Holmes Company, Limited, to be garnisheed, the service of the citation in garnishment having been made on Friday, March 22, 1907. The garnishee failing to answer, judgment pro confesso was rendered against it on Tuesday, March 26, 1907. On the following day, after receiving notice of judgment, the garnishee filed its answers, denying indebtedness to the defendant in execution, and alleging that he owed it $12. It then applied for a new trial, which was refused. It then appealed to the Court of Appeal, where the case was heard by one of the judges, who affirmed the judgment appealed from. He, however, granted a rehearing, and referred the case to the court, sitting en banc, by which it was returned to him for lack of a statement of facts, and he again affirmed the judgment of the city court. The garnishee then made the application which we are now considering, and which is accompanied by an admission of the facts stated above; that is to say, it is admitted that judgment was rendered against Murphy by default; that judgment was rendered against the garnishee as stated; that, on the appeal, the mother of Joseph Murphy testified that he was a minor; that plaintiff objected to the testimony, on the ground that the "garnishee could only urge defenses personal to himself," which objection was referred to the merits; and that at the trial in the Court of Appeal it was ascertained that Joseph Murphy "had died just prior to the day on which the appeal was tried."

Opinion.

1. Proceedings before justices of the peace are governed by the rules prescribed by title 4, pt. 2, arts. 124, 1060–1161, Code Prac., and the city courts of New Orleans are governed by the same rules. Act No. 45, p. 44, of 1880; Wertheimer v. Favalora, 116 La. 490, 40 South. 848. Article 1082 of the Code of Practice, as amended and re-enacted by Act No. 16, p. 13, of 1894, provides that:

"The defendant thus cited shall only be obliged to appear and answer to the action the third day after the day of service of the citation, if he resides, or happen to be in the city or precincts of New Orleans, or, within ten days after such service, in other parts of the state."

And the same delay is allowed to the garnishee as to the defendant. The question, then, is, are the "days" which are allowed by the article quoted calendar or judicial days? It will be observed that the law in no manner distinguishes the 3 days which are allowed in New Orleans from the 10 days which are allowed in other parts of the state, so that, if we should hold in the one case that the defendant is entitled to 3 judicial days within which to answer, we must necessarily hold in the other case that he is entitled to 10 judicial days, which would probably give a defendant sued in a justice's court outside of New Orleans more time than if sued in the district court. Code Prac. art. 180; Act No. 77, p. 190, of 1904. We know that such is not the policy of the law; the well-understood purpose, on the contrary, in the establishment of the justice's courts, being to afford a means of litigating small claims with the least possible delay or formality. This court has, however, held, in construing article 76 of the Constitution, which reads, in part:

"If any bill shall not be returned by the Governor within five days after it shall have been presented to him, it shall be a law in like manner as if he had signed it, unless the General Assembly, by adjournment, shall prevent its return, in which case, it shall not become a law,"

—that:

"When the time stipulated is such that it does not necessarily include Sunday, Sunday is excluded from the computation, without express mention of the fact; when the time stipulated must necessarily include Sunday, to exclude that day, there must be an express declaration to that effect." State ex rel. Pharmaceutical Association v. Secretary of State, 52 La. Ann. 936, 27 South. 565, 49 L. R. A. 218, 78 Am. St. Rep. 364.

And the ruling, so made, has been impliedly affirmed in the cases of Schenck et al. v. Schenck et al., 52 La. Ann. 2104, 28 South. 302, and State ex rel. Garig et al. v. Judge, 104 La. 478, 29 South. 18. We therefore conclude that, from the three days' delay allowed by Code Prac. art. 1082, for answering in the city court of New Orleans, Sundays are to be excluded, and hence that the answers of the garnishee, applicant herein, were made within the time required.

2. The remaining questions presented are whether it was competent for the garnishee to prove, on the trial de novo in the appellate court, that the judgment upon which the garnishment proceeding was predicated had been rendered by default against a minor, and that the minor had died pending the appeal by the garnishee; and, if so, whether the judgment against the garnishee could, under such circumstances, be maintained.

It is unquestionably true that the general, well-established rule is that:

"A garnishee has no right, as such, to plead for the defendant; he cannot oppose the plaintiff's claim against the latter. All he is to do in court is to tell the truth, and, if his declaration is controverted, to support it, as far as his own interest is concerned." Hanna's Syndic v. Lauring et al., 10 Mart. (O. S.) 568, 13 Am. Dec. 339; Kimball v. Plant et al., 14 La. 511; Frazier et al., Receivers, v. Wilcox et al., 4 Rob. 519; Brode v. Firemen's Ins. Co., 8 Rob. 244.

It is, however, equally well established that a judgment obtained against an unrepresented minor is to be regarded as one rendered without parties, and, being absolutely void, that its nullity can be asserted by any one against whom it is invoked. Code Prac. art. 115; Baldwin v. Carleton, 11 Rob. 109; Psyche v. Paradol, 6 La. 377; Edwards v. Whited, 29 La. Ann. 647.

It is also a well-established rule that (to quote the language of our predecessors in this court):

"A judgment, and a fieri facias thereunder, are necessary to support the proceeding in garnishment. They form the foundation of the plaintiff's right to resort to that remedy, and the garnishee may require that their existence be proved as a prerequisite to a judgment against him." Featherston'h v. Compton, 3 La. Ann. 381.

And, if the garnishee may require proof of the existence of the judgment under which he is proceeded against, it would seem to go without saying that he may offer counter proof, and may show that what appears to be a judgment is in contemplation of law no judgment, because the defendant was not cited, or, as in this case, because being an unrepresented minor, no court in this state is vested with authority in ordinary cases to render a judgment against him. In fact, if it should appear that a garnishee, knowing that such judgment had been rendered, failed to call the attention of the court to it, and, allowing judgment to go against himself, paid, to a person not entitled to it, money belonging or due to the minor he would hardly be in a position to claim protection for such payment, even conceding (arguendo, merely) that he would be protected if the payment were made in ignorance and good faith. We are, therefore, of opinion that, though somewhat tardy, the offer of the garnishee in this case, to prove, on the trial de novo in the appellate court, that the judgment upon which the garnishment proceeding is predicated was rendered against a minor, unrepresented, was not too late, and that the testimony was properly received.

We cannot, however, concur with our learned Brother of the Court of Appeal that after the fact, as stated, had been proved, and after it had been shown that the minor had died pending the appeal, the judgment against the garnishee could legally have been affirmed, and our conclusion upon that point is that the judgment so rendered should be reversed and the case remanded.

It is therefore ordered, adjudged, and decreed that the judgment here complained of, rendered in the First city court and affirmed by the Court of Appeal, against the D. H. Holmes Company, Limited, garnishee, be avoided and reversed, and that the cause be remanded to the city court, to be there proceeded with according to law and to the views expressed in the foregoing opinion; the costs of appeal and of this proceeding to be paid by W. P. Johnson, plaintiff herein.