On Motion to Dismiss.
PROVOSTY, J.
[1] This suit is in behalf of minors. At its inception they were represented in it by their mother and tutrix and by their stepfather, cotutor with their mother. After the judge had announced his decision and handed. down his written reasons, but before judgment had been signed, the mother died. This had the effect of putting an end to the tutorship, and leaving the minors unrepresented. The cotutor ipso facto ceased to be tutor. Hatcher v. Jackson, 21 La. Ann. 737; Marcade on article 396, C. N.; Mourlon on same article.
[2, 3] Motion is made to dismiss the appeal on the ground that at the time the order for appeal was made the minors were unrepresented. Better say they were unrepresented before judgment, and that therefore no judgment could be rendered, as no judgment can be rendered except as between litigants having capacity to stand in judgment. In Edwards v. Whited, 29 La. Ann. 651, this court said:
“The court had no right to proceed after the death of Edwards. The decree * * * is an absolute nullity.”
See, also, Johnson v. Murphey, 124 La. 143, 49 South. 1007; La. Ins. Co. v. Costa, 32 La. Ann. 5; Succession of Pickett, 41 La. Ann. 882, 6 South. 655. In Dorsey v. Hills, 4 La. Ann. 106, this court said:
“The decree * * * acquired no force * * * until it was entered upon the records” — citing the articles of C. P. according to which (article 544) “all judgments * * * must be * * * entered on the records,” and (article 546) “the judge must sign all * * * final judgments.”
In Consolidated, etc., Planters v. Mason, 24 La. Ann. 518, this court said:
“The judgment was not signed, and the appeal was nugatory.”
See Succession of Bougere, 29 La. Ann. 378.
The appeal is dismissed.