PROVOSTY, J.
Each motorman and conductor of the plaintiff company, on entering its service, provides himself with a uniform, and deposits $25 as security for any indebtedness that may accrue against him. The company pays for the uniform, and charges up the amount to the employé in a book known as the Uniform Ledger. Each pay day a certain amount is deducted from the pay check of the employé, and credited to him in this ledger, until the cost of the uniform is reimbursed to the company. For the final settlement with the employé, on his leaving the service, the bookkeeper having this ledger in charge furnishes a slip showing what balance, if any, the employé still owes for the uniform; and this balance is deducted from the final pay cheek.
In some 397 instances, during the years 1904-1908, the bookkeeper who kept this ledger furnished slips showing a smaller balance than was in reality due, or that none was due when one was in fact due; so that less than the full balance due by the departing employé was deducted from his final pay cheek, to the company’s loss that much — aggregating $3,574.75.
[1-3] The defendant company was the surety of the bookkeeper, and the present suit is to recover that amount, as well as a balance of $91 which the bookkeeper is alleged to have failed to account for out of $100 intrusted to him to make certain payments with; and a further amount of $45, on a check alleged to have been forged by him.
The obligation of the bond is to “make good” to the plaintiff company such pecuniary loss as may have been sustained by it “by reason of the fraud or dishonesty” of the said bookkeeper, “amounting to embezzlement or larceny, in connection with his duties.”
The only evidence to show that the bookkeeper received any part of the amount which the company lost by the slips having been given out in the manner hereinabove stated is the testimony of a witness as to what he heard him say in that regard, and the record of his prosecution and conviction for embezzlement. This evidence was objected to, as being hearsay and res inter alios acta; and should manifestly have been ruled out. In the absence of this evidence, there is no proof of the bookkeeper having received any part of this money, and no proof, therefore, of his conduct in that connection having “amounted to embezzlement or larceny.”
[4] Except the same inadmissible statement of the bookkeeper, there is no evidence of his having received any part of the other two items, except the testimony of one witness to the effect that the $100 “must have been given to cash some checks, I really do not remember.” There is therefore no proof of the receipt of these items either.
Judgment affirmed.