No. 1778.

Second Circuit Appeal.

---

R. P. MILES v. RECLAMATION OIL PRODUCING ASSN., ET AL., Appellant.

---

(November 21st, 1924, Opinion and Decree)

(January 12, 1925, Opinion on Rehearing)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest, Partnership—Par. 83.**
Where an oil refinery is purchased by a group of persons for the sole purpose of refining the oil produced from their own wells and where there is no intention of purchasing oil from other parties to supply this refinery, the partnership is an ordinary partnership under Article 2826 of the Civil Code, and not a commercial partnership under Article 2825.

ON APPLICATION FOR REHEARING.

2. **Louisiana Digest, Appeal—Par. 759.**
There were clerical errors in the original judgment corrected by amendment of former decree.

Appeal from the First District Court, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a suit on a promissory note.

Judgment for plaintiff and defendant appealed.

Judgment reversed.

Cook & Cook, of Shreveport, attorneys for plaintiff and appellee.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant and appellant.

CROW, J. Plaintiff, as the holder and owner of a certain promissory note executed by the Reclamation Oil Producing Assn. of Louisiana, by its President, J. E. Camatte, brought this action against the Reclamation Oil Producing Assn., J. E. Camatte, W. N. Collins, F. Reynaud, D. W. Breazeale, and G. R. Murrell, for an alleged balance on said note of $820.08, with interest and attorney's fees, alleging that the Reclamation Oil Producing Assn. is a commercial partnership, composed of the above mentioned persons, and that, as members of such, they are liable *in solido* on the said note. The trial judge found said Association to be a commercial partnership composed of said named individuals, and rendered judgment against each and all of the defendants *in solido* for the full amount prayed for by plaintiff.

The defense is that J. E. Camatte, the President of the Reclamation Oil Producing Assn., had no authority to sign and execute said note for the said Association, and that defendants believed it was executed for Camatte's own debt. Defendants further claim that they were and are only trustees of said Association, and that they are not bound for said indebtedness as individuals. They show further, in the alternative, that if the court should hold them partners, then they are only ordinary partners, and not commercial partners, and in any event liable only each for his virile portion.

Defendants, except Camatte, who permitted judgment to go against him by de-

fault, have appealed to this court. They have filed in this court a motion to remand the case to the District Court, based on the fact that since this appeal was perfected, the Supreme Court of this State, in the case of American National Bank of Shreveport vs. these same defendants, No. 25,791 on the docket of said last named ·court (decision appearing in the Advance Sheet of date August 30, 1924), had passed on the identical questions involved in this case, and held defendant, Reclamation Oil Producing Assn., an ordinary partnership composed of the other defendants in this case, who, as such, were liable on a similar note of said Association, jointly each for his virile share, and that, there being numerous other members of said Association who were not made parties defendants in this case, it should be remanded to the trial court for the purpose of ascertaining who all the members of said Association are, in order to determine the virile share of each.

### OPINION.

Since the case of American National Bank of Shreveport vs. Reclamation Oil Producing Assn. of Louisiana et al., No. 25,791 on the docket of the Supreme Court, the decision of which is reported in the Southern Reporter, Vol. 101, at pages 10 *et seq.*, was against the same defendants as here, and since that action was the same sort of action as this, and since the issues involved herein are identical with those in the above styled and numbered cause, we think all parties here are concluded by the decision in said cause No. 25,791..

In that case, the Supreme Court held that the Reclamation Oil Producing Assn. was and is an ordinary partnership composed of the other defendants in this case, and that, as such, the said Association was liable for the full amount of the note in that case, and the other defendants were liable jointly as ordinary partners. We

shall, therefore, hold the same in the case at bar.

There would appear at first blush to be a good deal of merit in the motion to remand; but in the case above cited, the same request was made of the Supreme Court, or the same contention was made there as here, and the Supreme Court said that those were matters of defense which should have been raised in defense in the lower court, and evidence in support thereof introduced by defendants. On the application for a rehearing in the above cited case, the Supreme Court, in overruling said contention of defendants and denying a rehearing, said:

"As to the other defendants, it is claimed that they are only a few out of many members of the defendant co-partnership, each of whom is liable only for his virile share; but that was a matter of ·defense, as to which they should have made such proof in the court below as would have enabled this court to fix the virile share of each with some degree of certainty, and for which the evidence herein does not suffice."

Apparently, the only difference in the situation in the cited case and that in this, is that the said question seems to have probably been raised for the first time in the cited case in defendant's application for a rehearing, whereas in the case at bar, the question was raised in a motion to remand, before argument. However, the Supreme Court in the cited case, said, and we think correctly, that the question should have been raised in the lower court by way of defense and evidence there introduced in support of said defense.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment herein appealed from be, and it is set aside, and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, R. P. Miles, .and against the defendant, Reclamation Oil Producing Assn.,

in the full sum of $2,750.00, with legal interest thereon from January 6, 1921, until paid, and ten per cent. on the amount of principal and interest as attorney's fees, less credits of (1) $585.17 paid January 10, 1921; (2) $853.75 paid January 13, 1921, and (3) $500.00 paid January 27, 1921, and that the other defendants, J. E. Camatte, W. H. Collins, F. Renaud, G. A. Murrell and D. W. Breazeale be, and each is hereby condemned to pay plaintiff jointly the sum herein decreed to be due by the defendant, Reclamation Oil Producing Association, each for his virile share; the defendants to pay all costs of the District Court, and the plaintiff to pay the costs of appeal.

## ON APPLICATION FOR REHEARING.

ODOM, J. On appeal to this court the judgment of the lower court was reversed and judgment was rendered in favor of plaintiff for $2,750.00, the amount of the note sued on, less certain credits. The wording of the judgment leaves the inference that the court intended to allow attorney's fees on the full amount of the note, whereas such could not have been intended, the amounts sued for being only $820.00, the balance due on the note after allowing the credits due.

We also note that said judgment awards interest at 5%, whereas the note sued on bears interest at 8%.

We find in the record an agreement by counsel for both plaintiff and defendant that these errors be corrected.

It is therefore ordered, adjudged and decreed that our former judgment in this case be amended and corrected so as to allow attorney's fees of 10% on the amount sued for, plus accrued interest at 8% instead of legal interest.