No. 1778.

Second Circuit.

MILES v. RECLAMATION OIL PRODUCING ASSOCIATION.

(December 10, 1925.  Opinion and Decree.)
(February 9, 1926.  Rehearing Refused.)

(Original Opinion, November 21, 1924, May Be Found at 1 La. App. 94.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 139.**

No judgment can be rendered except as between litigants having capacity to stand in judgment.

2. **Louisiana Digest—Judgment—Par. 8.**

A judgment rendered by the Court of Appeal where a defendant died pending the appeal is void in so far as it affects that defendant.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

Action by R. P. Miles against the Reclamation Oil Producing Association.

A defendant, G. R. Murrell, having died pending the appeal, this case was reopened merely for the purpose of making proper parties defendant.

Cook and Cook, of Shreveport, attorneys for plaintiff, appellee.

Wilkinson, Lewis and Wilkinson, of Shreveport, attorneys for defendants, appellants.

ODOM, J. The appeal in this case was filed in this court on July 31, 1922.

A final decree therein was handed down

by this court on November 21, 1924. (See 1 La. App. 94.)

On April 6, 1923, after said decree had become final, plaintiff, appellee, appeared in this court through counsel and suggested to the court that pending the appeal, to-wit, on April 18, 1923, G. R. Murrell, one of the defendants, had died, and asked that our final decree be set aside and that Mrs. Margaret Gwinn Murrell, administrator of the succession of G. R. Murrell, be made a party to the proceeding.

On April 11 following this court entered an order on the minutes setting aside its said judgment and ordering that the administrator be made a party.

On April 20 counsel for some of the defendants filed an exception to the jurisdiction of this court, setting up that this court is without jurisdiction to entertain any plea or motion to substitute new parties in this case after the case had been remanded to the lower court for execution.

After the decree of this court had been handed down, the plaintiff, appellee, sought to have the judgment executed through the District Court, whereupon defendants, appellants, brought suit in the District Court to have the judgment of this court set aside on the ground, as we understand it, that G. R. Murrell died pending the appeal, and that therefore the judgment as to him was an absolute nullity.

So far as this court is informed, that suit has not been disposed of.

The appearance of appellee in this court on April 6, 1925, subsequent to the rendition of our final decree, suggesting to the court that one of the appellants had died pending the appeal and that his representative had not been made a party, amounted to no more than to call the court's attention to the fact that it had never in fact finally disposed of the case, and that the case was still pending on appeal.

All parties agree that Murrell died pending the appeal. Our judgment of November 21, 1924, was, therefore, an absolute nullity as to him. There was no one before the court for whom or against whom a judgment could be rendered. That being true, the case was not disposed of by that decree, for the reason that the court had no power to proceed.

The case not having been disposed of, then what became of the appeal? Necessarily it is still pending and must be disposed of in due course.

In the case of Edwards vs. Whited, 29 La. Ann. 647, a similar question was involved, and the Supreme Court said:

"We take occasion to say that counselors of this court should, when they have knowledge of the death of a client, party to a cause pending, inform the court, and have the suggestion of death made of record, so that the court may not do so vain a thing as to pronounce a void decree. If no such suggestion is made, the court, ignorant of the death, will proceed of course; and there may be delays, and confusion, and much useless litigation, which a prompt suggestion of death would avoid. We do not hesitate to say that a decree of this court for or against a person no longer in existence is an absolute nullity; and that the nullity may be shown by any person against whom the attempt is made to enforce it.

"The court below should have allowed the proof of the death of Edwards, and of the failure to make his legal representative a party in his stead; and, if it were necessary, we should remand the case to enable the defendant to make this proof.

"But we know, from the entries in the minutes, that the appeal was pending, on rehearing, at the end of the July term, 1872; and that the final decree was rendered at the July term, 1873. It was ad-

mitted on the trial that Edwards died in September, 1872; and no steps were taken to have his legal representative made a party. In reality, the case is still pending, on the rehearing, because the court had no power to proceed after the death of Edwards. The decree of July, 1873, is an absolute nullity; and the judgment appealed from is suspended, and cannot be enforced, until the appeal is disposed of, contradictorily with the legal representative of Edwards, the deceased appellee.

In the case of Roe vs. Caldwell, 138 La. 652, 70 South. 548, the court said:

"No judgment can be rendered except as between litigants having capacity to stand in judgment."

In the case of succession of Pickett vs. Pickett, 41 Ann. 882, the court held that an account filed for an administrator who had previously died was an absolute nullity, and said:

"It never had any existence and can be given none by any judicial proceeding. No judicial proceeding can be carried on in the name of a deceased person."

Many other decisions to the same effect might be cited.

Our holding, therefore, is that the decree handed down by us on November 21, 1924, is in law no decree at all, and that the case has not been disposed of by us.

The case is now pending on appeal before this court. It is in the same situation as it was on the day of the date of the death of G. R. Murrell, which was prior to the setting of the case for hearing in this court.

We understand that the administratrix of G. R. Murrell has voluntarily come into court and made herself a party to the proceeding. There remains nothing to be done, therefore, but to have the case disposed of along with other appeals.

It is therefore ordered that the case be set for hearing in this court in due course, as though no action had ever been taken.

Carver, Judge, recused.