## MATHES v. GAINES

---

(April 7, 1930. Opinion and Decree.)
(May 19, 1930. Rehearing Refused.)
(June 16, 1930. Opinion and Decree on Petition to Have Judgment Declared Void.)
(October 20, 1930. Opinion and Decree on Rehearing.)

---

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for plaintiff, appellee.

Thomas Gilmore, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff, a real estate agent, sues for a commission alleged to have been earned when he secured a person ready, able, and willing to purchase, at a satisfactory price, certain property owned by defendant and listed with plaintiff for sale.

Defendant refuses to pay the commission and seeks to justify her refusal on the ground that, when she agreed to sell her property for a price of $10,400, she was induced by plaintiff to believe that the property was undesirable by reason of the fact that it was subject to certain zoning restrictions and that there was no hope of having the restrictions removed, whereas, at the time, plaintiff knew or ought to have known that the restrictions which interfered with the ready sale of the property were about to be removed and that an immediate material enhancement in value would result.

The prospective purchaser obtained by Mathes, plaintiff here, was one A. T. Terry, Jr. Terry being unable to persuade Fannie Gaines to transfer to him the property in accordance with the agreement to sell, brought suit for specific performance.

As a defense to that suit, Miss Gaines, defendant there and defendant here, made the same contention which we find presented here and to which we have above referred, namely, that she had been induced by fraud to sign the contract under which she agreed to sell the realty to Terry, and that, since Terry and Mathes were both implicated in the fraudulent misrepresentation which had been made to her and in the fraudulent omission to properly advise her, the contract should be annulled and specific performance should not be ordered.

In that suit (Terry v. Gaines, 168,539 of the docket of the civil district court for the parish of Orleans), judgment was rendered in favor of the defendant, the district judge assigning the following reasons for his judgment:

"Suit for specific performance.

"The defendant answers that the contract to sell was signed in error caused by the failure of her agent to protect her interest, in that he concealed from her, or did not know that the City had unzoned the locality in question, when he knew or should have known that fact. That such concealment or lack of knowledge amounting to fraud enabled another party (the plaintiff) to make an unreasonable profit (on paper) whereby she was damaged.

"I am satisfied from the evidence that the defendant would not have signed the agreement to sell if her agent had known or told her what he knew or should have known about the unzoning of the property in the locality described.

"This appears to me to vitiate the transaction and plaintiff's suit will be dismissed.

"Suit dismissed."

No appeal was taken from that judgment, which has now become final.

When the case, now before us, which, as we have stated, involves the question of whether or not the real estate agent is entitled to his commission, came on for trial below, plaintiff, Mathes, the real estate agent, offered evidence to show that the property had been listed with him; that he had secured a person ready, able, and willing to buy; that the defendant had accepted the offer but had refused to pay the commission. To overcome the effect of this proof on behalf of plaintiff, counsel for defendant offered in evidence the entire record on the matter of Terry v.

Gaines, to which we have referred. To this offer counsel for plaintiff objected on the ground that the evidence sought to be introduced, to-wit, the record in the other case, was "res inter alias acta." On this objection to the introduction of the other record, the district judge ruled as follows:

"The present suit of Mathes versus Gaines is a suit for a brokerage fee based on a written instrument. The record offered is that of a suit between Terry and Fannie Gaines. Terry, the prospective purchaser sued for specific performance. Mathes was not a party to that suit and the fact that he was subpoenaed and testified does not make him a party to that suit. It may be in the course of deciding the controversy between Terry and Gaines, Judge Skinner found facts, which if proven in this case would destroy his alleged right of action, but he is entitled to his day in court and whatever Judge Skinner decided in the suit of Terry versus Gaines is extraneous to this case, is Res Inter Alias Acta and is totally inadmissible. The objection is sustained."

Counsel for defendant, upon the refusal of the district judge to permit the introduction of evidence in the other record, rested his case without offering any other evidence.

If the ruling of the trial court was correct, the record in this case, as we now find it, contains no evidence except that offered in support of plaintiff's contention. The question therefore presented is: Does the fact that Mathes, plaintiff here, was a witness in the other case, and the fact that the contract which was involved in the other case was declared a nullity, render the record in the other case admissible here?

We agree with counsel for plaintiff in the statement contained in their brief that "evidence taken in a former case can be offered as evidence only in a suit between the same parties and even then only when the witnesses are not available themselves. In other words, the evidence produced at one trial is secondary evidence if the witnesses themselves are available to testify at the second trial."

We find this rule approved in Corpus Juris, vol. 22, pp. 427-433, inclusive, and also in the cases cited by counsel for plaintiff, to-wit: Stockmeyer & Co. v. Weidner, 32 La. Ann. 106; New Orleans Railway & Light Co. v. United States Fidelity & Guaranty Co., 145 La. 364, 82 So. 372; Succession of Derigny, 128 La. 859, 55 So. 552; Brown v. Palmer Co., 3 Orl. App. 356; In re Moran, 1 Orl. App. 17.

The district judge was therefore correct in refusing to permit the introduction of the record made up in the former suit between different parties.

It is very evident, however, that a judgment in favor of plaintiff in this case will have the effect of requiring the defendant, or rather her legal representatives, for she is now dead, to pay Mathes for services for which no benefit was received and which services, according to the judgment in the other case, if rendered at all, were rendered in a fraudulent or improper manner. And this result will be accomplished, apparently not because the evidence in support of defendant's contention cannot be produced, but solely because counsel has chosen to allow his client's case to stand or fall on his opinion that the former record should have been admitted.

We deem it proper in the interest of justice to send the matter back to the district court to the end that an opportunity may be afforded the legal representatives of the defendant to produce such evidence as may be available in support of the contention made, rather than to affirm a judgment which, though probably technically correct, as the record now stands, will manifestly produce an unjust, inequitable result.

That we have this right, we entertain no doubt. Layman, Receiver, v. Sternberg & Stern, 2 Orl. App. 224.

We have been advised orally that the party defendant has died since the transcript was lodged in this court, and we have been told that a motion to make proper parties would be filed.

Inasmuch as we have decided to remand the case for further proceedings below, we see no reason to wait any longer for the making of the necessary parties. We will therefore render this decree and reserve to the parties their rights to file appropriate motions and obtain necessary orders in the district court.

It is therefore ordered, adjudged, and decreed that the judgment herein rendered be annulled, avoided, and reversed, and that this matter be remanded to the district court for further proceedings not inconsistent with the views herein expressed.

## ON PETITION TO HAVE JUDGMENT DECLARED VOID

PER CURIAM. John W. Mathes, plaintiff and appellee, by petition, calls our attention to the alleged nullity of the final decree rendered by us herein resulting from the fact that one of the parties, to-wit, the defendant and appellant, had died prior to the rendering of the decree, with which fact we were already familiar, however, and that therefore a judgment in her favor is a nullity, and that this nullity should be recognized by us and the case should be replaced on our docket for hearing in due course.

We think that the case of Miles v. Reclamation Oil Producing Association, 3 La. App. 746, and the cases therein cited, are authority for this action on our part.

It is therefore ordered that the decree rendered by us, remanding this matter to the district court, be recalled, and that this case be set for hearing in this court in due course, as though no action had been taken heretofore by us.

## ON REHEARING

JANVIER, J. A careful reconsideration of this matter convinces us of the correctness of our original opinion, 127 So. 408, 129 So. 200, which was to the effect that there was no evidence before the district court, or before us, to sustain the contention of the defendant that the contract for the sale of the real estate in question was obtained through fraudulent representations, or through fraudulent failure to disclose facts known to the agent. In our original decree we came to this conclusion, but felt that the ends of justice required that the matter be remanded to the district court to the end that evidence in support of the suggested defense might be introduced, if available. On reconsideration we are convinced that it would be unfair to remand the matter inasmuch as defendant had every opportunity on the original trial to introduce any evidence available and none was forthcoming. The result of the remanding of the case would be that the appeal bond would be canceled, and, since the defendant has since died, it is possible that a judgment, if rendered against her, or her heirs, later, could not be collected.

By motion of Albert W. Newlin, public administrator for the parish of Orleans, we are advised that the defendant has died since the rendering of the judgment appealed from, and, by appropriate order, the said Newlin, as administrator of the succession of the said Fannie Gaines, has been made party defendant.

It is therefore ordered, adjudged, and decreed that the original decree rendered by us be and it is recalled and annulled, and it is now ordered that the judgment appealed from be amended so as to read against Albert W. Newlin, administrator of the succession of Fannie Gaines and, as thus amended, it is affirmed at the cost of appellant.