94 So.2d 160 (1957)
REID-ELLIOTT MOTORS, Inc., et al., Plaintiffs-Appellants,
v.
Roosevelt LEE, Defendant-Appellee.
No. 4377.
Court of Appeal of Louisiana, First Circuit.
March 25, 1957.
Ponder & Ponder, Amite, for appellants.
Edwin C. Schilling, Jr., Amite, for appellee.
TATE, Judge.
This tort suit arises from a motor vehicle accident of December 7, 1952. An employee, joined by his employer and its compensation insurer in subrogation for the compensation benefits paid to the employee, filed suit for damages in the total amount of $6,472.96 resulting from the alleged negligence of defendant Lee.
The accident occurred approximately eight miles east of Raceland, Louisiana, on U. S. Highway 90. The highway was concrete, 18.5 feet in width, with narrow (4') shoulders. The night was dark, and visibility was obscured by rain and fog.
Immediately prior to the accident, plaintiff employee Reid was directing removal of a pickup truck from the ditch on the north side of this main highway. The front end of the wrecker (or winch-truck) was facing southeasterly and protruding into the north lane, i.e., facing against west-bound traffic. Further east of said pick-up truck and obscuring it to west-bound traffic was plaintiff's small "Henry-J" automobile, parked partly on the shoulder facing west (towards the wrecker), its lights illuminating the wreckers' operations. The tail-lights of the Henry-J were on. The headlights of the wrecker were also on. The body of the Henry-J, however, obscured the wrecker from west-bound traffic.
Defendant Lee approached the scene of the accident from the east at a speed of 35 miles per hour, saw the rear tail-lights of the Henry-J when just from 10-20 feet in its rear, pulled to his left (into the lane reserved for east-bound traffic), and immediately thereafter upon suddenly perceiving the pick-up truck also protruding even further in his own west-bound traffic *161 lane, struck the said wrecker as a result of a skid resulting from the sudden application of his brakes.
The wrecker was pushed backwards, amputating plaintiff Reid's hand. Reid was standing between the rear of the wrecker and the pick-up truck, directing the latter's removal from the ditch.
Although said plaintiff Reid had previously been cautioning approaching oncoming traffic, he had left his post in order to supervise the removal of the pick-up truck from the ditch. There were no other precautions taken to warn on-coming traffic, although Reid testified that he relied upon the rear tail-lights of the parked Henry-J to warn traffic approaching from the east, such as plaintiff.
The only testimony in the record was that of Reid, defendant Lee, and (by deposition) Burkhart, the driver of the wrecker, a former coemployee of Reid's.
We are unable to hold erroneous the District Court's conclusion that a proximate cause of the accident was the failure of plaintiff Reid to place warning flares or reflectors 100 feet to the front and rear of the vehicles thus stopped upon the traveled surface of a main highway, as required by LSA-R.S. 32:441. Had such flares or reflectors been set out, or other suitable precautions taken to warn on-coming traffic of the hazardous situation created on this main highway by the operations of plaintiff company, then oncoming traffic such as defendant Lee would have been apprised and cautioned as to the dangerous situation created. (In fact, the deposition indicates that immediately following the accident herein, approximately three or four other accidents occurred when other vehicles collided with vehicles which stopped because of the accident presently in question).
Plaintiffs introduced in evidence the minutes showing defendant's conviction upon a charge of reckless driving arising out of the accident herein, upon which conviction defendant was sentenced to pay a fine of $15 and to a 30-day suspended jail sentence.
Since no objection was made, it does not appear necessary for this Court to rule whether proof of a criminal conviction is or is not admissible in civil proceedings growing out of the same incident. The older and well settled rule that the criminal conviction (or acquittal) is incompetent in evidence in the civil proceedings due to the dissimilarity of parties, issues, and procedure, is now subject to exception in some jurisdictions; see Annotation, "Conviction or acquittal as evidence of the facts on which it was based in civil action," 18 A.L.R.2d 1287.
In Louisiana, the cases are in conflict. It has been held that such evidence is not admissible in civil proceedings, New Orleans Ry. & L. Co. v. United States F. & G. Co., 145 La. 364, 82 So. 372, Lewis v. Petayvin, 4 Mart.,N.S., 4, Steel v. Cazeaux, 8 Mart.,O.S., 318, Quatray v. Wicker, La. App. Orl., 16 La.App. 515, 134 So. 313, Lennon v. Palmer, 3 Orl.App. 356, the latter case commenting: "the judgment of a criminal court has no effect on a civil court, which is charged with the duty and power to determine for itself all the issues arising in a civil suit," 3 Orl.App. 359. See also Pober v. Sterbcow, 14 Orl.App. 164. (The Quatray case held that, even when admitted without objection, a criminal conviction of reckless driving was not competent evidence to be considered in a civil tort action arising from the same accident.)
However, the early cases of Bankston v. Folks, 38 La.Ann. 267 (criticized in the Quatray decision as "not in accord" with the other jurisprudence, 134 So. 316) and Beausoliel v. Brown, 15 La.Ann. 543, permitted receipt of such evidence of criminal conviction in civil proceedings, as did the more recent cases of Osborne v. Peoples', etc., Co., 2 Cir., 19 La.App. 667, 139 So. 733, and Picatacci v. Palermo, Orl., 3 La. App. 465. However, even these cases hold that such evidence of criminal conviction *162 is not conclusive, but merely an unfavorable circumstance to be weighed in connection with all the other evidence educed in the civil suit.
Anent the weight to be attached (even if admissible) of defendant's conviction of this traffic offense in a parish far from his residence, and the minor penalty ($15 fine and suspended 30-day sentence) he received therefor, it may not be amiss to include the remarks contained in the above-cited annotation, 18 A.L.R.2d 1287 at 1290: "It may, however, be reasonably argued that the rule of exclusion should be continued as to convictions for minor traffic violations and other offenses of the kind, where the safeguards afforded the accused may be more or less perfunctory, and a moderate fine may be accepted as a matter of convenience, since such convictions may be given undue weight in civil actions involving large sums of money." "[I]t appears that the courts should be especially reluctant to admit such evidence in * * * actions involving negligent operations of automobiles," 18 A.L.R.2d 1295.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.