Neither the importance of the office nor the amount of public funds to be administered can be considered in determining a jurisdiction which in such cases is based on a purely pecuniary standard.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 186, 189.]

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Application by the state, on the relation of Edwin S. Broussard, district attorney, against George W. Dallas and others, members of the board of water and light commissioners of the city of New Iberia. Judgment for defendants, and relator appeals. Dismissed.

Edwin Sidney Broussard, Dist. Atty. (Andrew Jackson Cammack, of counsel), for appellant. Burke & Burke and Gordon Adolphus Sandoz, for appellees.

LAND, J. Defendants and appellees have filed a motion to dismiss the appeal herein on the ground that this court is without jurisdiction ratione materiæ.

This is a suit instituted by the district attorney, on the relation of four persons claiming to be members of the board of water and light commissioners of the city of New Iberia, for the purpose of ousting the four defendants as intruders into the membership of said board.

It is admitted that the members of said board are not entitled to any salary, fees, or other compensation for their services; but the petition alleges that the board handles municipal funds aggregating about $20,000 per annum and has charge of the municipal plant, costing $100,000.

This court has repeatedly decided that it has no appellate jurisdiction over a suit between contestants for a public office to which no salary or pecuniary perquisite is attached. See State ex rel. Buckner et al. v. Jastremski et al., 33 La. Ann. 110, and cases cited therein.

The same authorities hold that neither the importance of the office nor the circumstances that the office may be intrusted with the distribution of public funds to a large amount are factors in determining the jurisdiction of the appellate court, which in such cases is based on a purely pecuniary standard.

For the same reason the Court of Appeal is without jurisdiction, and this appeal, therefore, cannot be transferred to that tribunal.

It is therefore ordered that the appeal herein be dismissed for want of jurisdiction.

(40 South. 848.)

No. 15,912.

WERTHEIMER et al. v. FAVALORA.

(Feb. 12, 1906. Rehearing Denied March 12, 1906.)

1. COURTS—CITY COURT OF NEW ORLEANS—DEPOSITIONS — NONRESIDENTS — ORDER FOR COMMISSION.

Article 436 of the Code of Practice, requiring an affidavit of materiality as a condition precedent to the granting of an order for a

commission to take the testimony of nonresident witnesses does not apply to proceedings in the city court of the city of New Orleans.

2. SAME.

The city courts of the city of New Orleans, where not otherwise provided, are governed by the rules of proceeding regulating the practice in justice of the peace courts.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Orleans.

Action by L. &. E. Wertheimer and others against John Favalora. Judgment for plaintiffs was reversed by the Court of Appeal, and they bring certiorari or writ of review. Decree of Court of Appeal reversed, and judgment of district court affirmed.

Hiddleston Kenner, for applicants. Michael Dracos Dimitry and John Quincy Flynn, for respondent.

LAND, J. Plaintiffs sued defendant in the First city court of New Orleans for a balance of account for merchandise sold and delivered, amounting to $42.75. The first trial resulted in a nonsuit, and the second in a judgment in favor of the plaintiffs for the sum sued for, with interest and costs. Defendant appealed to the Court of Appeal, and in that tribunal the judgment was reversed and the suit was dismissed as in case of nonsuit. Plaintiffs' application for a rehearing was denied, and they applied to this court for a writ of review, which was granted.

The judgment in the city court was fully warranted by the depositions of two witnesses filed in the record.

The case was tried de novo in the Court of Appeal by one of the judges, as provided by article 143 of the Constitution of 1898. The judge assigned no reasons for the judgment of nonsuit, and was not required to do so under the provisions of article 143. Plaintiffs complained in their petition for a rehearing that the judge rejected their depositions because no affidavit was annexed to their petition for a commission, as required by article 436 of the Code of Practice, and because a copy of the rule to admit said depositions, which was made absolute in the city court, had not been served on defendant. The application for a writ of review filed in this court, and verified by affidavit of counsel, sets forth the rejection of the depositions for the same reasons assigned in the petition for rehearing. The facts set forth in said application have not been denied.

The account sued on in the city court was verified by the affidavit of one of the plaintiffs. The petition for a commission to take the testimony of the two plaintiffs represented that they were material witnesses, and the interrogatories annexed showed that it was sought to be proved that plaintiffs were and had been doing business under the name of the "Old Spring Distilling Company," and that the account sued on represented a balance due for whisky sold and delivered to the defendant.

Service of the petition and interrogatories was accepted and order waived by counsel for defendant, and it was agreed that the commission to take the testimony be executed by any notary public of Pine Bluff, Ark.; counsel for defendant "reserving all rights to object to the manner and form of the petition and depositions, as well as their admissibility and materiality."

The commission issued, and was executed and returned. Thereupon plaintiffs filed a rule on defendants to show cause why the testimony should not be used in evidence on the trial of the cause. Notice was served on defendant that the trial of the rule was fixed for the 19th of May, 1905, at 10:30 o'clock a. m., and on that date the rule was made absolute. It does not appear that any objection to the depositions as evidence was made on the trial in the city court.

Article 143 of the Constitution of 1898 created the First city court of New Orleans, composed of three judges, and vested said

court with jurisdiction in all cases where the amount in dispute or the fund to be distributed does not exceed $100, exclusive of interest, etc., subject to an appeal in all cases to the Court of Appeal for the parish of Orleans. The same article provides that the judges of the city court "shall adopt rules not in conflict with law for the fixing and trial of cases." The city court of New Orleans may be assimilated to justices of the peace courts throughout the state organized under article 126 of the Constitution of 1898.

It has been held by this court that proceedings before justices of the peace are governed by the rules laid down under title 4 of the Code of Practice, and that the articles under title 1 apply exclusively to district courts. State ex rel. Railroad Company v. Justice of the Peace, 39 La. Ann. 990, 3 South. 180; State ex rel. Henderson v. Justice of the Peace, 40 La. Ann. 20, 3 South. 380. Hence article 436 of the Code of Practice which requires an affidavit of materiality when the witness to be examined lives out of the state, has no application to justices of the peace, and for the same reasons the said article has no application to the city court of New Orleans, in which, where not otherwise provided, the manner and form of proceedings are governed by the same rules that apply to justices of the peace courts. Act No. 45, p. 44, of 1880; Const. 1879, art. 135; Const. 1898, art. 143. The latter article empowers the judges of the city court to adopt rules not in conflict with law for the fixing and trial of cases, and provides that the "pleadings in said court shall be in writing, prepared by the litigants or their attorneys or the clerk."

Article 1155 of the Code of Practice authorized justices of the peace to grant commissions to take the testimony of witnesses in cases depending before them, when such witnesses reside out of the parish, but does not require an affidavit of materiality as a condition precedent. Article 1073 of the same Code declares that in causes before justices of the peace there are no written acts but such as are expressly required under title 4 of the Code of Practice.

Therefore we conclude that the Court of Appeal erred in ruling out the depositions on the ground that affidavit had not been made as required by article 436 of the Code of Practice.

The waiver of the order and the consent that the commission be executed was also a waiver of the affidavit, if any was required. In Clay's Syndics v. Kirkland, 4 Mart. (O. S.) 407, the court said: "The affidavit of the materiality of the testimony to be taken by commission is required in order to guard the party against whom it is to be used against the inconveniences which may result from that mode of taking evidence; but, when that party consents to the issuing of the commission, he waives the preliminary requisites introduced for his protection."

Counsel for plaintiff asserts that the rule to show cause why the depositions should not be used in evidence was notified in the manner prescribed by the rules of the city court.

The rules are not in the record, and it is not necessary to decide the question of mode of service.

We rest our decision on the proposition that the articles of the Code of Practice under title 1 apply only to proceedings in district courts.

It is therefore ordered, adjudged, and decreed that the judgment herein rendered by the Court of Appeal be annulled, avoided, and reversed, and that the judgment of the district court be reinstated and affirmed; defendant to pay costs in both appellate courts.