————o————

5222.

(Court of Appeal, Parish of Orleans.)

## GEORGE SEELING vs. ILLINOIS CENTRAL R. R. CO, ET AL.

### ON MOTION TO DISMISS.

1. It would be a vain and useless thing to cite on appeal one, who, though a party to the record, is not interested in the judgment appealed from, and could not be affected by any judgment which might be rendered on appeal.

2. Where a legislative enactment provides that a designated section of a statute, or article in a code, shall thereafter read in a given way, the former reading is wholly repealed and superseded by the new text.

3. Appeals from the City Courts of the Parish of Orleans are governed by the laws regulating proceedings before Justices of the Peace.

Appeal from the First City Court, Division "C."

O. S. Livaudais, for plaintiff and appellee.

Denegre, Blair and Chaffe, for M. L. & T. R. R. Co., defendants and appellants.

ST. PAUL, J.—This is an action for damages brought in the First City Court of New Orleans against the Illinois Central R. R. Co., and the Southern Pacific R. R. Co., by consent the Morgan's Louisiana & Texas R. R. and Steamship Company, was substituted for the Southern Pacific Company.

There was judgment in plaintiff's favor and against the Morgan Company, but rejecting his demand as to the Illinois Central Co. This judgment was rendered on November 28, 1910, and the parties were notified on the same day.

The Morgan Co., alone appealed, perfecting its appeal in the court a qua by filing the required bond on December 8, 1910. Plaintiff, appellee herein, now moves to dismiss said appeal on the ground; 1. That all the parties to the judgment have not been made parties and cited on appeal; 2. That the appeal was not taken within the time prescribed by law.

To the first ground it suffices to answer, that the decree of the court a qua, though consisting physically of but one writing, forms in reality two separate and distinct judgments, one in favor of plaintiff and against the Morgan Co., the other against plaintiff and in favor of the Illinois Central Co.

The Illinois Central has no interest in the first judgment, which alone is appealed from, and cannot be affected by anything that may be done with that judgment on appeal.

As to the judgment against plaintiff and in favor of the Illinois Central Co., it could not be altered on this appeal even if that company had been cited herein, for the reason that both parties concerned therein would

be appellees, and the appellant is without interest to ask any change therein.

It would therefore have been a vain and useless thing to have cited the Illinois Central to answer this appeal, even though it be a party to the record.

## II.

For further ground of dismissal appellee urges that the appeal was not taken within three days after the judgᵣ ment was rendered, but only within ten days thereafter appellee contending that appeals from the City Courts of New Orleans are governed by Act No. 128 of 1888 and not by Act No. 45 of 1910.

The basis of this contention lies in the fact that Act 129 of 1888 requires all appeals from Justices of the Peace and "**Judges of the City Court for the Parish of Orleans**" to be taken within **three** days, whilst the Act of 1910 provides that appeals from the Justices of the Peace may be taken within **ten** days, but makes no mention of appeals from City Courts, and repeals only such laws as are in conflict with the provisions. It is contended that the two laws are not in conflict.

In our opinion it is not a case of repeal by implication, but one of **express** repeal with which we have now to deal. Were it not for the way in which the two acts are entitled and worded, we should find no conflict between them, as both might stand together, the later act regulating only appeals from Justices of the Peace, and the earlier still regulating appeals from the City Courts.

But the title and wording of the two statutes is such as wholly to preclude the idea that the earlier act, or any part thereof, still stands.

Both acts are entitled "**to amend and re-enact Article 1131 of the Code of Practice;**" both provide that the article shall be "**amended and re-enacted**" so as to read

in the manner stated in the act.

It is clear that a legislative enactment that a designated article in a code, or section of a statute, shall thereafter read in a certain way, is a command that it shall no longer read as it did formerly. The earlier reading is necessarily abrogated, expunged and superceded by the later text; in other words, the article or section, as it formerly read, is thereafter to be excluded from the code or statute and replaced by the new matter. This constitutes an express and unequivocal repeal of the whole matter thus excluded.

Act 129 of 1888 is therefore repealed; and being repealed, all appeals from the City Courts of the Parish of Orleans are governed by the laws regulating the proceeding before the Justices of the Peace.

Sec. 7 of Act 45 of 1888 (and by Act 22 of 1888); Wertheimer vs. Favalora, 116 La. 490; Johnson vs. Murphy, 124 La. 143.

The appeal herein was therefore taken in time.

Motion denied.

February 6, 1911.

April 12, 1911, Oral opinion, judgment affirmed.