Statement of the Case.
MONROE, J.
Plaintiff sued, in the Tenth justice court, parish of Natchitoches, claiming, as owner, two bales of seed cotton, valued at $100, which had been seized under an execution obtained by defendant against Luke Guillory, and enjoined the seizure; whereupon, and after plaintiff had'furnished a bond of indemnity, Felix Guillory intervened, asserting a lien and privilege on a portion of the cotton, for his wages, and also enjoined. The case was fixed for November 17, 1911, when it was continued, at the instance of defendant — all parties consenting —to November 27th, at which date, at the instance of plaintiff’s counsel, it was continued to December 4th, when, neither plaintiff nor intervener appearing, in person or by counsel, there was judgment for defendant, rejecting the demands of plaintiff and of intervener, dismissing their injunction, condemning plaintiff and the surety on his injunction bond, in damages, in the sum of $20, and ordering the cotton to be sold to satisfy defendant’s execution. On December 7th plaintiff obtained an order for a suspensive-appeal; on December 8th he and the intervener were notified of the judgment, and defendant was notified of the appeal; on December 14th plaintiff filed a bond, in the sum of $150, containing the recital:
“Now the condition of the above obligation is such that whereas the above-bounden John Abraham has obtained an order for a suspensive and devolutive appeal to the Eleventh D. C., returnable, according to law, at the next session of said court,” etc.
*1099 The appeal was, however, not returned until December 27th, and was dismissed on February 28th following, on the ground that it had not been lodged in the appellate' court within the delay allowed by law, and no extension of time had been granted. In the meanwhile, on February 26th, plaintiff had obtained an order, from the justice of the peace, for a devolutive appeal, and, having given bond for $40Í as fixed by the court, lodged the transcript in the appellate court on the samé day that the other appeal was dismissed. Defendant thereupon moved to dismiss said second appeal, on the ground that:
“Where a suspensive appeal has been dismissed, on account of the failure to file the record within the return day, the appellant cannot, afterwards, take a devolutive appeal from the said judgment.”
And the motion having been overruled, and an application for a rehearing of the same having been denied, he presented to this court the petition which we are now considering, for writs of certiorari, mandamus, and prohibition. The learned trial judge says, in his return:
“The record shows that, upon the trial of the case, the motion to dismiss the suspensive appeal was heard and sustained. The appellant, then, had a new order issued, for a devolutive appeal, and gave bond for same, and same was filed, whereupon, as the record shows, the motion to dismiss was filed, for the reason that the suspensive appeal had been abandoned. My understanding of the statute and the law, and certainly the equities in the case, was not that the suspensive appeal was abandoned. It is true that the transcript was not filed within 10 days, as required by law, but before me it was clearly shown that appellant used every effort to have the same filed within the required time, and the failure was by either neglect of the magistrate; in sending same, or by some delay in the mail, or, perhaps, by the clerk in filing same as soon as received. I could not locate who was responsible for the delay. Act' Ño. 197 of 1904, p. 431, is the law that I tried to apply in the case,” etc.
Respondent annexes to bis return a letter, of date December 18, 1911, from the attorney originally employed by plaintiff, to his present counsel, who seems to have been employed after the delay for the return of the suspensive appeal had expired, in which the writer explains that his failure and that of his client to be present at the trial, on December 4th, was owing to some misunderstanding on his part.
Opinion.
[1] Under the law governing appeals from the district courts (and, formerly from the parish courts), it is well settled that, when an appeal is dismissed, because of the failure of the appellant to file the transcript in time, it is considered abandoned and cannot afterwards be renewed. Laussade v. Maury, 31 La. Ann. 858; Boudreaux v. Boudreaux, 122 La. 433, 47 South. 758; Girod v. Monroe Brick Co., 126 La. 385, 52 South. 550; Id., 127 La. 329, 53 South. 582.
It is also well settled, with respect to such appeals, that the functions of the clerk of the district court are limited to the preparation of the transcript and its delivery to the appellant, and that it is the appellant who must return the same “into the Court of Appeal on the return day thereof.” State ex rel. Comeau, Adm’r, v. Clerk, 46 La. Ann. 1289, 16 South. 207; Girod v. Monroe Brick Co., 126 La. 387, 52 South. 550.
The jurisprudence thus referred to is founded on specific provisions of the Code of Practice. Thus, articles 585, 587, 588, 590, and 594, provide: That, after the appeal has been allowed and the surety given, “the clerk shall make the transcript, in order that the same may he delivered to the appellee” (meaning appellant). That “the appellant must return * * * the transcript * * * into the Court of Appeal, on the return day thereof.” That, “if the appellant neglect” to file the transcript in the appellate court within the delay allowed, the appellee may have execution on his judgment, or final judgment on the appeal, by *1101 pursuing either of two courses, to wit, if he prefers to have execution, he may, within three days (construed to mean at the expiration of three days) after the time allowed for the filing of the transcript, obtain a certificate from the clerk of the appellate court to the effect that the transcript has not been brought up, “and, on the production of this certificate in the lower court, it shall award execution of the judgment, which then becomes irrevocable.” (Our italics.) If he prefers to have his judgment affirmed, he may bring up the transcript himself, and pray for its affirmation “or for the dismissal of the appeal.” That, “after service of the citation of the appeal, whether the appellee obtain the rejection of the appeal, by producing the record from the court below, or prosecute execution on the judgment appealed from, on the certificate of the clerk that the record has not been brought up by the appellant, the appeal shall be considered as abandoned and the appellant shall not after-wards be allowed to renew it.” (Our italics.)
The articles mentioned are, however, found in part 11, under title 1, of the Code of Practice, and the first article under that title reads as follows:
“Art. 124. The rules of proceeding contained in the present title relate only to the district and parish courts of the state, when in the exercise of their ordinary jurisdiction. Special rules are hereafter established for courts of probate and justices of the peace.”
See Wertheimer v. Favalora, 116 La. 490, 40 South. 848; Thomas v. Goodwin, 120 La. 508, 45 South. 406; Johnson v. Murphy, 124 La. 144, 49 South. 1007; Bain & Co. v. Oliphant, 124 La. 585, 50 South. 588.
Title 2 relates to proceedings in the Supreme Court; title 3, to proceedings in the courts of probate; and title 4, to proceedings before justices of the peace. And under the title last mentioned, we find articles 1128, 1131,1132, 1133, 1134, and 1135, among others relating to appeals (article 1131, as amended and re-enacted by Act No. 129 of 1888, and articles 1128, 1134, and 1135, as amended and re-enacted by Act No. 226 of 1908) and providing in substance as follows:
That appeals are allowed from judgments of justices of the peace (the parish of Orleans excepted) in all civil cases, irrespective of the amount in dispute, and are to be made returnable within 10 days after service of citation of appeal, allowing one additional day for such service for every 10 miles between the place of rendering the judgment and that of the appellee’s residence; that no appeal shall stay execution, unless taken three days after final judgment, or within three days after notice, if rendered in the absence or on default of one of the parties, and unless defendant give bond for an amount exceeding by one-half that for which the judgment is rendered, the judgment not to become final until action by the court upon any motion for new trial which may have been made within the delay allowed by law or the rules of court; that “if the appellant will' not, or cannot, give such security, the justice of the peace shall allow him an appeal if he give security, in a sum to be fixed by said justice, sufficient to pay the costs, but in this ease, the appeal shall not stay execution”; that, if the party having cause of complaint allow 12 months to elapse after the time “allowed for an appeal, without having taken one, he shall no longer be allowed to appeal, but the judgment shall acquire the force of res judicata” (the time allowed in the parish of Orleans being 10 days); that “the justice of the peace, after receiving the appeal bond and security of the appellant, shall issue a citation to the appellee directing him to appear before the appellate court on or before the day on which the appeal has been made returnable,” etc. (no citation being required when the judgment has been rendered in the presence of the parties); that “the justice of the peace *1103 shall transmit to the office of the clerk of the appellate court, on, or before the return day, an exact copy, certified to by him,” of the proceedings, etc.
[2] Under the articles relating to appeals from the district court, if the party desiring to appeal obtains no order and files no bond, for a suspensive appeal, he may take a devolutive appeal; or, if he obtains an order for a suspensive appeal, but files no bond, he may take a devolutive appeal; or, if he obtains an order for a suspensive appeal and files a bond, all within the delay allowed, but it is subsequently ascertained that the bond is not such as the law requires, he may still take a devolutive appeal, if the delay for that appeal has not expired. It is only, therefore, where, having taken the steps necessary to secure his right of appeal (that is to say, having obtained an order of appeal and filed a bond, within the legal delay), he fails to lodge the transcript in the appellate court within the time prescribed, that he is considered to have abandoned the appeal, and he is then so considered, because the law so declares, in express terms. But the law governing appeals from the judgments of justices of the peace contains no such declaration, and it is not clear that, if a party desiring to appeal from such judgment were to obtain his order and file his bond for a suspensive appeal within the three days, as provided by Act No. 129 of 1888, and were then to fail to return the appeal to the appellate court within 10 days, as provided by Act No. 226 of 1908, he would thereby be regarded as having abandoned his right to a devolutive appeal. That particular question is not, however, before the court at this time, for the reason that, the judgment the plaintiff wished to appeal from having been rendered on December 4th and notice having been served on him on December 8th, he was bound to take the steps necessary to secure his right (so far as the trial court was concerned) to a suspensive appeal and to entitle him to lodge such an appeal in the district court, within three days thereafter; the 11th being the last day. He seems to have waived' the notice and part of the delay, for he obtained the order of appeal on December 7th; but as he did not file his bond until December 14th, and as the filing of the bond within the three days was just as essential as the obtaining of the order of appeal, it follows that,' not having complied with the condition precedent thereto, he lost his right to a suspensive appeal; but that is quite a different thing from perfecting an appeal, as to the requirements in the trial court, and then failing to lodge the transcript in the appellate court, which is the abandonment referred to in the article of the Code of Practice and decisions hereinabove cited. The very purpose of the law in providing the devolutive appeal is to afford relief to those who are unable, or unwilling, or who neglect, to comply with the conditions required in the trial court to entitle them to appeal suspensively; but, where those conditions have been complied with, and there is nothing more to be done, save to lodge the transcript in the appellate court within the time prescribed, the lawmakers have thought proper to declare, as to appeals from the -district courts, that, if the transcripts are not so lodged, the appeals will be considered abandoned and cannot be after-wards be renewed. As we have already stated, they have not so declared as to appeals from the justices’ courts, and we express no opinion as to whether such appeals should, or should not, be considered abandoned; it being sufficient, for the purposes of- this case, that the appellant lost his right to the suspensive appeal by failing to comply, in the trial court, with the condition upon which it was granted, and did not abandon his right, after having, so far, secured it by complying with.these conditions.
*1105 It is therefore ordered, adjudged, and decreed that the judgment complained of remain undisturbed, and relator’s demands be rejected, and this proceeding dismissed, at his cost.