LAND, J.
On February 12, 1916, a justice of the peace of the parish of Natchitoches rendered judgment in favor of the plaintiff and against the defendant for the sum of $25 and costs.
Defendant thereupon took an appeal to the district court of said parish, and on February 14, 1916, furnished a suspensive bond in the sum of $100.
The transcript of appeal was filed in the district court on February 25, 1916, and plaintiffs’ counsel moved the court to dismiss the appeal because it was not filed in the appellate court within 10 days from the date of the rendition of the judgment. This motion was sustained, and the appeal was dismissed.
This was error. While the exact point was not decided in Abraham v. Wallenberg, 130 La. 1096, 58 South. 895, all the reasoning of this court in that case is based on the proposition that as the law makes it the duty of the justice of the peace to transmit to the clerk of the appellate court on or before the return -day an exact certified copy of the proceedings, etc., his failure to do so cannot be imputed to the appellant. In the opinion of the rehearing this court said:
“It would be a grave injustice for the courts to read into a law, requiring the justice of the peace to file the record within a designated time, the penalty that the failure of the justice of the peace to discharge this duty must be considered an abandonment” of the appeal.
We adhere to these views. There is no warrant in the Code of Practice for the dismissal of an appeal from a judgment of a justice of the peace to the district court, because of the failure of the justice to perform *636 his statutory duty in the premises, and, we may add, that there is no warrant in the analogies of.the law for the dismissal of an appeal for omissions, errors, or irregularities not imputable to the appellant. O. P. art. 898.
The law has provided simple, informal, rules of practice for the trial' of cases before justices of the peace. Appeals from their judgments are triable de novo in district courts; and if a justice of the peace fails to file the transcript as directed by law, the obvious remedy is by mandamus. In appeals to the Supreme Court and to the Courts of Appeal the statute makes it the duty of the appellant to file the transcript in the appellate court. Of course the law in such cases has no application to appeals from justice of the peace courts, where the justice is required to file the transcript.
It is therefore ordered that a writ of peremptory mandamus issue directed to the respondent judge, commanding him to vacate his order dismissing the appeal in the case of A. A. Ragan v. Louisiana Railway & Navigation Company, and to reinstate said case on his trial docket for further proceedings according to law.