CLARA MORTEN,
        Appellant

VS

NATIONAL LIFE and ACCIDENT INS., CO.

# 8580

No. 8580

May 22nd, 1922.

Court of Appeal
PARISH OF ORLEANS
FILED MAY 22/22

8580

298

CHARLES F. CLAIBORNE, JUDGE.

The plaintiff claimed of defendant $240.00. From a judgment in favor of defendant, the plaintiff was granted an appeal returnable to this Court on February 23th, 1922. On motion of plaintiff, filed February 27th, the time allowed for filing the transcript was extended until March 8th, 1922. The transcript was filed in this Court on March 9th, 1922. The defendant and appellee has moved to dismiss the appeal on the ground

"that the transcript was not filed until March 9th, 1922, the day after the extended return day".

In the case of Ragan vs La. Ry. & Nav. Co., 139 La. 633, the Supreme Court said that under Article 1135 of the Code of Practice it was the duty of the Justice of the Peace to transmit to the appellate Court the transcript, and that the appeal could *which would be* not be dismissed for his failure to do so, C. P. 898, ~~thus~~ penalizing an appellant for a fault which was not his.

We are bound to follow this opinion until reversed.

Motion to dismiss denied.

May 22nd, 1922.

# 8581

No 8581,—

Court of Appeal

Parish of Orleans

Succession of Augustine H. Allen (widow).

On joint motion of

F. B. Smith, attorney for the Board of Trustees of the First St Methodist Episcopal Church and of the Old Folks Home Board of the Methodist Episcopal Church, appellees herein and of James Wilkinson attorney for Paul Higgins appellant herein, and by virtue of their respective procurations made a part of this motion, and on their suggestion that they desire to compromise and settle the appeal in this case, by a consent judgment and decree, whereby the original decree of the lower court be amended so as to decree that one half of the sum of $531.67 or the sum of Two Hundred and Sixty five 83/100 Dollars and any accrued interest on said amount, as per pass book No 6069 in the Canal St branch of the Canal Commercial Trust & Savings Bank be forthwith paid to the opponent Paul Higgins, The other half of said total amt of $531.67, to be paid with accrued interest on said share to F. B. Smith attorney for the benefit of his principals aforesaid

## 8581

The cost of these proceedings to be borne
by the parties as already expended by them,
The said Paul Higgins to pay the Notarial
fees of A. J. Peters Notary and the appellees
to pay notarial fees of Mr Rene C. Metayer —
This judgment to be rendered & executed
without any legal delays,

approved

James Wilkinson
atty for opponent
Paul Higgins

F. B. Smith

Atty for appellees

New Orleans, La.,
November 10, 1922.

TO WHOM IT MAY CONCERN:

        This is to certify that at a regular meeting of the Old Folks Home Board of the Methodist Episcopal Church held on October 11, 1922, the following resolution was adopted:

        "RESOLVED, that Attorney F. B. Smith is hereby authorized to enter into a compromise agreement in the settlement of our interest in the succession of the late Mrs. Augustine Allen which succession is in Division B of the Civil District Court for the Parish of Orleans, State of Louisiana."

        A true copy.

                             _W. J. M. Price_
                                 Secretary.

New Orleans, La.,
November 10, 1922.

TO WHOM IT MAY CONCERN:

This is to certify that at a regular meeting
of the Board of Trustees of First Street, Methodist
Episcopal Church held on October 11, 1928, the following
resolution was adopted:

"RESOLVED, that Attorney F. B. Smith, is
hereby authorized to enter into a compromise agreement
in the settlement of our interest in the succession
of the late Mrs. Augustine Allen, which succession is
in Division B of the Civil District Court for the
Parish of Orleans, State of Louisiana."

A true copy.

W. H. Monroe
Secretary.

I authorize James Wilkinson
My atty the Compromise above
case,

Paul Higgin

303