OVERTON, J., dissents and adheres to original opinion rendered herein.

ST. PAUL, J., adheres to original opinion.

ROGERS, J., dissents, adhering to original opinion.

WILLIAM A. BELL, Judge ad hoc, called in because of court being equally divided in opinion.

---

(96 South. 662)

No. 25901.

## RICHARDSON v. LOUISIANA RY. & NAV. CO.

## In re LOUISIANA RY. & NAV. CO.

(April 30, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Justices of the peace ⟨⟩161(5)—Failure to cite appellee cured by motion to dismiss on other grounds.**

On appeal to district court from judgment of justice of the peace, failure to cite appellee was cured by his appearance for purpose of moving to dismiss on other grounds without even alleging them as alternative grounds for dismissal.

2. **Justices of the peace ⟨⟩166(2)—Appellee may move to dismiss appeal for want of citation and then on other grounds.**

On appeal from judgment of justice of the peace, appellee may except by motion to dismiss on ground of want of citation, and, if that be overruled, on his remaining grounds, if he has any.

3. **Justices of the peace ⟨⟩156—Failure to fix return day not ground for dismissing appeal.**

Failure of justice of the peace in granting appeal to fix the return day afforded no ground for dismissal, under Act No. 226 of 1908.

4. **Justices of the peace ⟨⟩156—Without discretion as to return day on appeal.**

Under Act No. 226 of 1908, providing that appeals from judgments of justices of the peace shall be made returnable within 10 days after service of citation, with one day additional for every 10 miles between the place of rendering judgment and that of appellee's residence, the justice of the peace is vested with no discretion in that respect.

5. **Justices of the peace ⟨⟩164(3)—Failure to prepare and transmit transcript not ground for dismissal of appeal.**

Under Act No 226 of 1908, it is duty of justice of the peace to prepare transcript and transmit it to appellate court on or before return day, and his failure to discharge such duty affords no ground for dismissing the appeal.

6. **Justices of the peace ⟨⟩166(3)—Motion to dismiss held insufficient to raise particular objections.**

Motion to dismiss appeal from judgment of justice of the peace on ground that spurious documents were incorporated in the purported transcript which did not appear to constitute any part of the record, and that the record or transcript was defective, did not raise objections that certificate did not purport to cover all proceedings in the case or that it did not appear that appellant filed any appeal bond.

7. **Justices of the peace ⟨⟩166(3)—Ground of motion to dismiss appeal held too vague and general.**

Averment in motion to dismiss appeal from justice of the peace that transcript was defective and contained spurious documents or documents not appearing to form a part of it, without specifying in what particular the transcript was defective or what documents were spurious, was too vague and general to be considered.

**8. Justices of the peace ⬡➛164(4)—Appellant entitled to opportunity to correct certificate to transcript if defective.**

If certificate to transcript by justice of the peace was subject to valid objection, appellant should have been given opportunity to correct the certificate, as defect was chargeable to the justice of the peace whose duty it was to prepare the transcript.

**9. Justices of the peace ⬡➛166(3)—District judge should not notice defects in transcript on his own motion when sufficient to support appeal.**

When transcript on appeal from judgment of justice of the peace was sufficient to enable the district judge to try the appeal, there was no reason for the district judge noticing defects therein of his own motion.

**10. Justices of the peace ⬡➛166(3)—Evidence as to delivery of appeal bond may be received or case remanded.**

When question as to delivery of appeal bond on appeal from justice of the peace is properly raised, evidence may be heard in the district court to show when it was delivered, or case may be remanded to ascertain that fact.

**11. Justices of the peace ⬡➛159(10)—Failure to mark appeal bond not fatal to appeal.**

Mere failure of justice of the peace to mark appeal bond "Filed" and to show date of its filing is not fatal to validity of the appeal.

O'Niell, C. J., dissenting.

Action by R. W. Richardson against the Louisiana Railway & Navigation Company. Motion to dismiss appeal from judgment of a justice of the peace was maintained by the district judge and defendant applies for writs of certiorari, mandamus, and prohibition. Judgment annulled and set aside, and writ of mandamus issued.

Wise, Randolph, Rendall & Freyer, of Shreveport, and Peterman, Dear & Peterman, of Alexandria, for relator.

OVERTON, J.   R. W. Richardson instituted suit against relator in the Sixth justice of the peace court in the parish of Grant for $25. Relator failed to appear through counsel or any of its officers on the day of trial, and on April 19, 1922, the justice of the peace, after hearing plaintiff's evidence, rendered judgment against relator for the amount for which the suit was instituted. Eight days after the rendition of the judgment, and before service of notice of judgment, relator moved for and obtained an order for a suspensive appeal returnable to the district court in and for the parish of Grant. The justice of the peace fixed the appeal bond at $50. The transcript of appeal was filed in the district court on May 15, 1922.

Richardson filed a motion to dismiss the appeal on the following grounds, to wit:

"First. The mover and appellee herein has not been cited in this appeal as required by law.

"Second. No return day for the appeal has been ordered or fixed as required by law.

"Third. No transcript of appeal has been lodged in this court within the time prescribed by law.

"Fourth. That certain spurious documents appear to have been incorporated in the purported transcript which do not appear to constitute any part of said pretended record, and said record or transcript is defective and should not be allowed filed herein."

The district judge maintained the motion to dismiss. Relator then made application to this court for writs of certiorari, mandamus, and prohibition to be directed to the district judge. Relator alleges in its application, among other things, that within 10 days after rendition of judgment by the justice of the peace it appeared in open court and moved for a suspensive appeal, returnable to the district court for the parish of Grant, that the appeal was granted upon the condition that relator furnish bond in the sum of $50, and that on the same day it furnished the required bond, with good and solvent surety.

The district judge, in obedience to the writ of certiorari issued herein, has filed in this court a copy of the record in the case under review, and has filed his answer to relator's application for the writs mentioned.   He

avers that he maintained the motion to dismiss the appeal because Richardson, the appellee, had not been cited to answer the appeal; because no day was fixed for the return of the appeal; because the transcript was not filed in his court within the time fixed by law; because the certificate of the justice of the peace to the transcript is defective in that it does not purport to cover all proceedings had in the case, but reads, merely, "that the above (that is, the transcript) is a true copy taken from my docket in the above suit No. 52, R. W. Richardson v. L. R. & N. Co."; and because the transcript does not show that the appeal bond found in it was filed by relator; that the only file mark found on the bond is that of the clerk of the district court of date May 15, 1922. He also avers as proof of the defectiveness of the transcript, including the certificate thereto attached, that accompanying its only page, is found the citation, the notice of judgment, certain subpœnas of witnesses, an exception to the citation served on relator, the cost bill, and the bond of defendant for appeal. These, he avers, are found in the record, but that it does not appear that they were filed in the justice of the peace court.

[1, 2] In our view, the trial judge erred in dismissing the appeal. It is true that it does not appear that Richardson was cited to answer the appeal, and it is also true that, unless Richardson cured the defect, he was entitled to citation. However, a failure to cite an appellee in an appeal to the district court is cured by his appearance in that court for any other purpose than to except to the appeal on the ground that he has not been cited to answer it. Here the appellee moved to dismiss on other grounds, without even alleging them as alternative grounds for dismissal. By thus pleading, he has cured the defect caused by the failure to cite him. It is true that in appeals to this court a somewhat different rule applies. In such appeals, if the appellee has other grounds to urge, but which at least are those that must be urged within three days after the filing of the transcript, or else be considered as abandoned, the appellee is permitted to embody in his motion to dismiss for want of citation such other grounds, provided he urges as the first the failure to cite him. Were it otherwise, under the rules of practice applicable in this court, the appellee would be forced to abandon his exception, based on the want of citation, or his remaining grounds for dismissal, since, if he excepted to the citation before availing himself of those grounds, the time would expire within which to urge them, before the objection to the citation could be disposed of, and the law contemplates that he should be permitted to urge all grounds. Schmitt v. Drouet & Ravasse, 42 La. Ann. 716, 7 South. 746. Hence the general rule that an appearance for any other purpose than to except, because of the absence of citation, cures the defect, necessarily admits of an exception in appeals to this court, but even in such appeals, when the appellee moves first to dismiss on any other ground, and then makes a similar motion, based on the want of citation, the defect caused by a failure to cite him is cured. Hefner v. Hesse, 26 La. Ann. 148. However, the necessity for the exception that exists in this court does not exist as to appeals from a justice of the peace court to a district court, for, with respect to the time within which to file motions to dismiss those appeals, no such limitation exists, and an appellee may there except on the ground of want of citation, and, if that be overruled, then upon his remaining grounds, if any he have. Therefore, as to such appeals, the general rule above stated applies.

[3, 4] The next ground to be considered is the dismissal of the appeal, because the justice of the peace failed, in his order granting it, to fix the return day. This affords no ground for dismissal. The law fixes the time within which the appeal shall be re-

turned, and the justice of the peace is vested with no discretion in that respect. Act 226 of 1908, p. 343.

[5] The next question for consideration is the ruling of the district judge dismissing the appeal for the reason that the transcript was not filed in the district court within the time prescribed by law. The law makes it the duty of the justice of the peace to prepare the transcript and transmit it to the appellate court on or before the return day. Act 226, of 1908, p. 343. As this is the statutory duty of that official, and not of the appellant, the failure to discharge it timely affords no ground to dismiss the appeal. Ragan v. La. Ry. & Nav. Co., 139 La. 633, 71 South. 895. The ruling in the case of State ex rel. Ludham & Burnham v. Todd, 104 La. 241, 28 South. 886, cited by the respondent judge, is in conflict with that made in the Ragan Case. The ruling in the Ludham & Burnham Case is based on the theory that, in appeals from a justice of the peace court to a district court the burden is on the appellant to forward the transcript, and numerous authorities are cited to show that, when the duty rests with him to transmit it, unless he does so timely, the appeal will be dismissed. However, as we have seen, the law imposes on the justice of the peace, and not on the appellant, the duty to transmit the record. Such was the law also at the time the Ludham & Burnham Case was decided. Hence the authorities cited in that case are not pertinent to the view therein expressed; and, as that case is in conflict with the Ragan Case, and with the conclusion reached in this case, it must be overruled.

[6-11] The last grounds assigned by the district judge for dismissing the appeal are that the certificate to the transcript does not purport to cover all of the proceedings had in the case, and is therefore defective, and that it does not appear that relator filed an appeal bond in the justice of the peace court. In our view, the motion to dismiss the appeal urges neither of these grounds, at least, not in such manner as to place an appellee on his guard. The general averment made in the motion to dismiss that the transcript is defective, and contains spurious documents, or documents that do not appear to form part of it, without specifying in what particular the transcript is defective, or what spurious documents it contains, is too vague and general to put an appellee on his guard, and is equivalent to no averment at all. If Richardson objects to the certificate, he should have stated his objection in his motion to dismiss, and, if the objection was then found valid, relator should have been given an opportunity to correct the certificate, since the defect, if any, was one not chargeable to him, but to the justice of the peace, whose duty it was to prepare the the transcript, including the certificate, and transmit it to the district court. As it is, there is no suggestion that any documents are missing, and, in our view, the transcript is sufficient to enable the district judge to try the appeal, and therefore there was no reason for the district judge to notice the defect of his own motion, if he considers that he did so. In so far as relates to the bond, relator alleges in his application to this court that it delivered it to the justice of the peace on April 27, 1922, within the time prescribed by law. The bond has attached to it an affidavit, made before a notary public, proving the solvency of the surety, which shows that the oath was administered on the same day that relator alleges the bond was delivered. Therefore, had the motion to dismiss been sufficiently specific to have advised relator of the objection to the appeal on the ground that no bond had been delivered to the justice of the peace, or that this had not been done timely, relator might have proved satisfactorily that the bond was timely delivered. There was no reason why, had the question as to the delivery of the bond been properly raised, evidence should not have

been heard in the district court, to show when it was delivered, if delivered at all, or why the case should not have been remanded to ascertain that fact. The mere failure of a justice of the peace to mark the bond "Filed," and to show the date of its filing, is not fatal to the validity of the appeal. The proof of the delivery of the bond to him, which is the essential fact, may be shown otherwise. As it is, we consider the motion too vague, as relates to the bond, to raise the question in relation to it upon which the district court acted.

For the reason assigned, it is ordered, adjudged, and decreed that the judgment under review be annulled, vacated, and set aside, and that the writ of mandamus that issued herein directing the respondent judge to reinstate said appeal on his docket, and to proceed with the trial thereof according to law, be made peremptory.

O'NIELL, C. J., dissents.