No. 9826.
Orleans Appeal.

R. GIEFERS, RECEIVER OF LOUISIANA LOAN & INVESTMENT CO., Appellant, v. FERDINAND NEGRI.

(April 27, 1925, Opinion and Decree.)
(May 11, 1925, Rehearing Refused.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Pledges—Par. 25, 29; Bills and Notes—Par. 197.

While a payee of a promissory note secured by collateral may take such legal steps as are necessary to enforce payment of the security, he is under no legal obligation to do so, in the absence of any special agreement to that effect. His failure so to act is no defense to an ordinary suit on a note when matured.

2. Louisiana Digest—Evidence—Par. 215.

Where neither fraud nor error is pleaded as a defense to the suit, objections to verbal testimony to vary the written obligation sued upon should be maintained.

(Civil Code, Art. 2276. Editor's note.)
*(Additional Syllabus by the Editor.)*

3. Louisiana Digest—Courts—Par. 92.

Under Act No. 128 of 1921 the city courts of New Orleans are governed by laws regu-

lating the District Courts and consequently Code of Practice, Art. 140, applies to proceedings held therein.

Appeal from the First City Court for the City of New Orleans, Section "A", Hon. Leon L. Labatt, Judge.

This is a suit for a balance due on two promissory notes. Judgment for defendant. Plaintiff appealed.

Judgment reversed.

Marcus & Corkern, attorneys for plaintiff and appellant.

Theo. Cotonio, attorney for defendant and appellee.

BELL, J. Plaintiff, through its duly qualified receiver, sues defendant for a balance due on two promissory notes, long since matured, and which are made part of the petition and which are executed by defendant to the order of the plaintiff corporation. The prayer of the petition is for an ordinary judgment, in the sum of $157.25, with interest as stipulated.

The defendant pleads, by way of exception, that Giefers, as receiver, is without right or interest to appear and prosecute the suit; that he has not been duly and properly authorized to file these proceedings, and that the petition discloses no right or cause of action. The trial court referred these exceptions to the merits. The record of the receivership proceedings, No. 146,707 of the docket of the Civil District Court for the Parish of Orleans, offered in evidence by the defendant, and now before us for consideration, clearly discloses, by the judgment of the court rendered therein, on the 6th of April, 1923, as well as by letters of receivership and other documentary evidence, that the first two exceptions are without merit. The order of the district court, rendered in the same proceeding, under date of February 19, 1925, appointing Herbert Rooney vice R. Giefers, receiver, and said Rooney's subsequent qualification as receiver, together with the order of this court, entered in this suit now on appeal, dated March 28, 1925, establish fully authority in the present receiver to stand in judgment herein. There is no merit to the third exception of no cause of action.

Defendant's answer denies the allegations of plaintiff's petition, and admitting signature to the note sued upon, it is specially pleaded that the indebtedness evidenced by the notes was secured by ten shares of preferred stock in favor of the defendant, under Certificate No. 738, issued by the Louisiana Loan and Investment Co., Inc., and dated June 11, 1920; that should it be decreed that the notes show unconditional indebtedness on the part of defendant, that in such event defendant would be a creditor of this plaintiff corporation to the extent of the value of said stock and thus entitled to compensation and set off of his indebtedness to the plaintiff against the value of the stock. Further answering, defendant avers "that if the court should hold that the value of the stock cannot be compensated against the indebtedness, then and in that event only, and again in the alternative, defendant says that any judgment which may be recovered aganist him can only be made executory to the extent that his indebtedness may be necessary to liquidate and pay the debts of the corporation. The answer concludes with the prayer that the plaintiff's suit be dismissed at his costs, and for general relief.

There was judgment of non-suit, from which plaintiff has appealed.

It is contended in argument before this court by counsel for defendant and appellee, that there was error in the trial court in ruling that the plaintiff should not be compelled, under *subpoena duces tecum*, to produce the books of the corporation, under objection made at the trial by said plaintiff that defendant had failed to comply with the provisions of Art. 140 of

the Code of Practice, in that the applicant for the *subpoena duces tecum* had failed to designate, in compliance with the Code of Practice, the specific books, papers or documents required under the subpoena, nor had the defendant set out the facts intended to be established by such books or documents. It is now argued that the aforesaid article of the Code of Practice does not apply to proceedings in a City Court, which are carried on the same as in Justice of the Peace Courts, and that had the trial judge enforced the production of the books, defendant would have been able to establish evidence material to his defense.

We find the ruling of the court to have been correct, and that the contention now made is not well founded, nor is the authority cited by appellee, Wertheimer vs. Favalora, 116 La. 490, 40 South. 848, now the law on the subject, for the reason that under Act 128 of 1921, it is provided that all proceedings in the City Courts of this State in cities over 100,000 inhabitants, etc., shall be governed by the general laws regulating proceedings before the District Courts.

The ruling of the trial judge in not compelling the plaintiff to produce the books of the corporation, because the *subpoena duces tecum* had not issued in conformity with Art. 140 C. P., was correct.

This is a simple suit on promissory notes importing valuable consideration, and which the defendant has admitted, both by his pleadings and testimony, to have signed. The indorsements on the notes show that they were secured by pledge of the certificate of stock referred to in defendant's answer.

At the trial of the cause, testimony was offered by defendant, and admitted over plaintiff's objection, to the effect that defendant had given verbal instructions to the plaintiff corporation to sell his stock and appropriate the proceedings to the payment of his indebtedness on the notes, and that at the time he so authorized the corporation, the stock was of such value as to have more than discharged his obligation. Such evidence should have been rejected as clearly inadmissible to vary the terms of the written obligation sued upon. In the absence of any defense setting forth fraud or error, all such evidence must be disregarded.

In Friedlander vs. Schmalinski, 35 La Ann. 520, it was held:

"Where a debtor agrees to pay a certain sum at a specified time, less the amount which pledged collaterals may realize, the creditor may, as pledgee, take legal steps to enforce payment of the securities, but is under no legal obligation to do so; in the absence of any special understanding for that purpose.

"His failure thus to act cannot be opposed to him when, maturity having arrived, he seeks payment of his claim."

An examination of the notes sued upon does not show any stipulation therein whereby the plaintiff is compelled or even authorized to sell pledged stock in any manner other than at judicial sale, after a judgment duly obtained, but, as heretofore noted, the prayer of the petition is for recovery of a money judgment for the balance due on said notes, without even recognition of the pledge evidenced by the collateral referred to. The defendant's indebtedness on said notes has been duly admitted. The law and the evidence is clearly in favor of plaintiff. We see no serious defense to this suit.

It is, therefore, ordered that the judgment of non-suit be set aside, and that

there now be judgment in favor of the Louisiana Loan and Investment Company, Inc., Herbert Rooney, Receiver, and against the defendant, Ferdinand Negri, in the full sum of One Hundred and Fifty-seven and 25/100 Dollars ($157.25), with legal interest upon One Hundred and Seven and 25/100 Dollars ($107.25) from August 6, 1921, until September 9, 1921, and legal interest upon One Hundred and Fifty-seven and 25/100 Dollars ($157.25) from September 9, 1921, until paid, together with ten per cent. attorney's fees on One Hundred and Fifty-seven and 25/100 Dollars ($157.25), and for costs in both courts.