O'REILLY ENG. CO., INC., Appellant, v.

BUCKNER

---

(Dec. 13, 1926. Opinion and Decree.)
(Jan. 3, 1927. Rehearing Refused.)
(March 28, 1927. Writs of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Court*)

ON MOTION TO DISMISS

1. **Louisiana Digest—Appeal—Par. 480.**

An extension of the return day does not carry with it days of grace.

2. **Louisiana Digest—Appeal—Par. 478.**

A second or subsequent application for an extension must be made on or before the day to which the extension is made.

3. **Louisiana Digest—Appeal—Par. 479.**

Certificates for an extension of time to file a transcript are obtained from the clerk of the court from which the appeal is taken, and not upon the affidavit of the stenographer.

**4.  Louisiana  Digest—Holidays—Par. 3.**

It is lawful to take all legal proceedings on Saturday half holidays.

**5.  Louisiana    Digest—Appeal—Par.    483, 518.**

A motion to dismiss the appeal for failure to file the transcript in time may be made at any time.

Appeal from First City Court, Section "C". Hon. Wm. V. Seeber, Judge.

Action by O'Reilly Engineering Company, Inc., against William A. Buckner.

There was judgment for plaintiff and defendant appealed.

Appeal dismissed.

F. Rivers Richardson, of New Orleans, attorney for plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for defendant, appellant.

OPINION

CLAIBORNE, J.   The plaintiff obtained a judgment against the defendant for $87.86, and ordering the cancellation of an inscription in the mortgage office.

From this judgment the defendant obtained an appeal "returnable to the Court of Appeal on the 13th day of September, 1926".

On September 15, 1926, by an order of this court, the return day was extended to September 23, 1926.

On September 23rd the return day was again extended to October 2nd.

On October 4th the return day was once more extended to October 12th.

The transcript was filed in this court on October 11, 1926.

The plaintiff and appellee moves to dismiss the appeal on the ground that the appeal herein taken was filed too late, * * * that instead of filing said appeal on the second day of October, 1926, appellant did, on October 4, 1926, apply for a further extension within which to file said appeal, which was inadvertently granted by this court on October 4th, extending the time within which to file said appeal to the 12th day of October, 1926.

The motion to dismiss must prevail.

"Applications for extension of time to bring up the transcript are granted without prejudice to the appellee's right to move to dismiss, or show that the extension should not have been granted." Manning Unr. cases, 23-38 A. 905.

"An order granting to an appellant additional delay for filing the transcript after return day inadvertently, in contravention of the rule of Code of Practice, Art. 883, will be rescinded by the Supreme Court on its own motion. Hence, such an order cannot save the appeal." 1 La. Dig., S. 477, p. 511 (1888); S. 485, p. 517 (1885).

"An extension of the return day does not carry with it the days of grace added to the original return day, and a second or subsequent application for an extension must be made on or before the day to which the extension is made. This has been repeatedly held." State vs. Courtney, 28 La. Ann. 790; Sampite vs. Deslouche, 135 La. 330, 65 So. 479; Brown vs. Hart, 11 Adv. sh. Ct. App. 383; 1 Ct. App. 152.

Counsel for appellant would excuse his failure to file the transcript in time by alleging "that the stenographer was out of the city on October 2nd, and counsel for appellant was unable to get the transcript on that date, nor was he able to get an affidavit from the stenographer so he could annex same to his motion for a further extension".

The extensions are granted upon the certificate of the clerk of the court from

which the appeal is taken, and not upon an affidavit of the stenographer.

Appellant also contends that October 2nd "was a Saturday and a half holiday, and nothing could be done until Monday, which was the 4th. This is an error. Sec. 1 of Art. 249 of 1926, p. 427, provides:

"That it shall be lawful to issue and serve citation and to take and execute all other legal proceedings on Saturday half holidays."

There is no allegation that the clerk's office was closed.

Appellant lastly asserts that the motion to dismiss comes too late after three days after the filing of the transcript.

But the law and the jurisprudence have been constant, that the failure to file a transcript carries with it an abandonment of the appeal C. P. 594, and that a motion to dismiss an appeal on that ground may be made at any time. I La. Dig. S. 326, p. 544 (1838).