ROUSSEL v. GUITERREZ

(March 24, 1930. Opinion and Decree.)

Beard & O'Keefe and A. R. Christovich, of New Orleans, attorneys for plaintiff, appellant.

Milner & Porteous, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. This matter comes before us on motion to dismiss the appeal because of the fact that the transcript was not lodged in the office of the clerk until more than three days after the return day.

The record shows that the return day

fixed was June 4, 1929. The record was filed in this court on June 10, 1929.

Though we do not see that it has any material bearing, we find in the record a certificate of the deputy clerk of the civil district court showing that the transcript was prepared and ready for filing some time before the return day. Therefore the delay could not have been chargeable to the clerk of the district court.

As a result of the adoption of Act 92 of .1900, which is applicable in the parishes other than Orleans, and since the adoption of Act 106 of 1908, which applies throughout the state, transcripts of appeal must be filed on or before the return day, or within three calendar days thereafter, unless an extension has been granted. Bourgh vs. Hester, 1 La. App. 152; Causey vs. Central Const. Co., 2 La. App. 637; Day vs. St. Joe Brick Works, 4 La. App. 553; Rooney vs. Checker Cab Co., 4 La. App. 173. No extension of time was asked for or granted, so that the record should have been filed not later than three days after the return day.

When this matter was submitted, there arose a discussion as to whether or not there had been an agreement by the attorneys that the transcript might be filed after the expiration of the three days of grace. Even if there had been such an agreement, it would have been the duty of this court to dismiss the appeal, because, where a transcript is lodged too late, the court has no jurisdiction to do anything other than dismiss the appeal. Atlantic Paint Co. vs. Merkel, No. 8869, Orleans Appeal, (unreported), see Louisiana and Southern Digest; Collins Piano Co. vs. Cospelich, 7 La. App. 277.

For these reasons it is ordered that the appeal herein be, and it is, dismissed, at the cost of appellant.