## ROUSSEL v. WILSON et al. *
### No. 16159.

Court of Appeal of Louisiana. Orleans.
June 10, 1935.

R. F. Becker, Jr., of New Orleans, for appellants.

Johnston Armstrong, of New Orleans, for appellee mover.

PER CURIAM.

This matter is now before us on motion to dismiss the appeal, the ground for dismissal being that the transcript was lodged too late.

Though in the order granting the appeal, May 17, 1935, was fixed as the return day, the transcript was not filed until May 21, 1935.

By the provisions of article 883 of the Code of Practice and the interpretation which has

---

*Rehearing denied June 24, 1935.

been placed thereon by the Supreme Court, there is granted to an appellant, after the return day, three days within which the transcript may be filed in the appellate court. Where the transcript is not filed before midnight of the third day after the return day, the appeal must be dismissed unless the last day is a legal holiday, in which case the appeal may be perfected on the next judicial day. See Hotard v. Consolidated Companies, Inc., 14 La. App. 670, 130 So. 662; Keplinger et al. v. Barrow, 132 La. 244, 61 So. 217; State ex rel. Bourg v. Marrero, 132 La. 109, 61 So. 136, Ann. Cas. 1914C, 783; New Iberia Nat. Bank v. Lyons et al., 164 La. 1017, 1018, 115 So. 130; Roussel v. Guiterrez, 12 La. App. 700, 127 So. 1.

Since the delay in the Hotard Case was exactly the same as that which we find here, that case is full authority for the dismissal of this appeal.

It is therefore ordered, adjudged, and decreed that this appeal be, and it is, dismissed, at the cost of appellant.

Appeal dismissed.