## LEWIS v. BURGLASS. *

### No. 16143.

Court of Appeal of Louisiana. Orleans.

March 23, 1936.

Fred G. Veith, of New Orleans, for appellant.

Edw. Rightor and W. H. Sellers, both of New Orleans, for appellee.

WESTERFIELD, Judge.

The defendant and appellee moves to dismiss this appeal upon the ground that the transcript was filed too late.

The suit originated in the first city court and is one wherein the plaintiff claims damages in the sum of $300. The order of appeal fixed April 26, 1935, as the return day. The transcript was lodged in this court on April 30, 1935. Article 883 of the Code of Practice provides that an appellant is entitled to three days of grace after the return day in which to file the transcript. Roussel v. Wilson (La.App.) 161 So. 907.

It is apparent that the appeal was not lodged within the three days of grace.

Appellant, in opposing the dismissal of the appeal, concedes that it was not filed in time according to the provisions of the Code of Practice referred to, but contends that in all cases within the jurisdiction of the first city court it is the duty of the judge of that court and not of the appellant to file the transcript, and that, consequently, the appeal should not be dismissed upon the ground relied upon, since it is the fault of the judge and not of appellant. Code Prac. art. 1135.

Originally, and until the adoption of the Constitution of 1921, the jurisdiction of the first city court of New Orleans was similar to that of the justices of the peace throughout the state and limited in monied demands to $100.

Section 7 of Act No. 45 of 1880, as amended by Act No. 22 of 1888, provides: "The manner and form of proceedings before the city courts of New Orleans shall be governed by the general laws now in force regulating proceedings before justices of the peace, except that at the time fixed for the hearing of the cause the judge may immediately proceed with the trial thereof, if any person party to the suit be present and so desire it."

Article 1135 of the Code of Practice provides: "The justice of the peace shall transmit to the office of the clerk of the appellate court on or before the return day an exact copy certified to by him of all the proceedings had in the case, and of his judgment, together with the statement of fact if any has been agreed on by the parties, and of the original citation issued to the appellee, together with the return thereon."

It has often been held that this article is applicable to appeals from the first city court of New Orleans, and that since the effect of it is to place upon the justice of the peace, or, as in this instance, upon the judge of the first city court, the duty of filing the transcript within the time provided by law, failure to file it cannot be attributed to fault on the part of the appellant.

In Richardson v. Louisana Ry. & Nav. Co., 153 La. 803, 96 So. 662, 664, the Supreme Court said: "The law makes it the duty of the justice of the peace to prepare the transcript and transmit it to the appellate court on or before the return day. Act 226 of 1908, p. 343. As this is the statutory

*Rehearing granted April 6, 1936. Limited to the question of a consideration of the waiver of right to file a motion to dismiss. See Farrow v. John R. Thompson Co., 18 La. App. 404, 135 So. 80, 137 So. 604.

duty of that official, and not of the appellant, the failure to discharge it timely affords no ground to dismiss the appeal."

Section 91 of article 7 of the Constitution of 1921 increased the jurisdiction of the first city court by conferring upon that tribunal concurrent jurisdiction with the civil district court in "all suits for monied demands above $100.00 and not exceeding $300.00 exclusive of interest; provided that such cases shall be tried and the testimony and evidence therein shall be taken in the same manner as cases tried in the Civil District Courts."

Act No. 128 of 1921 (Ex.Sess.), an enabling act, the title of which reads, "An Act to regulate the practice in the City Courts for the City of New Orleans, and to carry into effect sections 90, 91 and 92 of Article VII of the Constitution," provides in section 1: "That the manner and form of proceedings before the City Courts of this State in Cities having over one hundred thousand inhabitants, in cases where said Court has concurrent jurisdiction with District Courts of all suits for moneyed demands above one hundred dollars, and not exceeding three hundred dollars, shall be governed by the general laws regulating proceedings before the District Courts, provided that delays for answering shall be three days only, Sundays and Holidays excluded, that all exceptions and answers must be filed at the same time, that no preliminary default shall be necessary prior to judgment, and that judgments may be signed immediately after rendition, and that there shall be no right to trial by jury in such cases before said City Courts."

The act of 1921 was amended by Act No. 219 of 1932, but the amendment is of no interest here. It will be observed that the procedure in the city court with the exceptions noted, which do not include the filing of transcripts of appeal, "shall be governed by the general laws regulating procedure before the District Courts."

The first city court, as a result of the change made in its jurisdiction by the Constitution of 1921, now exercises twofold jurisdiction in so far as monied demands are concerned. It has exclusive original jurisdiction where the amount involved, exclusive of interest, is less than $100, and it has original concurrent jurisdiction of claims between $100 and $300. It has been held by this court and by the Supreme Court that the articles of the Code of Practice regulating appeals from the district courts do not apply to appeals from justice of the peace courts, and that the failure of the justice of the peace to send up the transcript to the appellate court within the delay allowed by the return cannot be regarded as an abandonment of the appeal. Abraham v. Wallenberg, 130 La. 1096, 58 So. 895; Ragan v. Louisiana Ry. & Nav. Co., 139 La. 633, 71 So. 895. In the last-cited case it was held (syllabus): "A suspensive appeal by a defendant from a judgment rendered by a justice of the peace to the district court [appeals in other section of the State are returnable to District Courts], perfected by the giving of a lawful bond, should not be dismissed on account of the failure of the justice to seasonably file the transcript of appeal in the appellate court, as directed by law."

This court in Morten v. National Life & Accident Ins. Co., No. 8580 of the docket of this court (see Louisiana and Southern Digest), held that article 1135 of the Code of Practice, making it the duty of the justices of the peace to transmit to the appellate court the transcript of appeal, applied to all appeals from judgments of the city courts for the parish of Orleans whether below or above $100. Though this case was decided subsequent to the adoption of the Constitution of 1921 and the passage of the Enabling Act, Act No. 128 of 1921, Ex. Sess., no reference is made in the decision, which is very brief, to either of these authorities; the conclusion being based entirely upon the codal article and the Ragan Case.

Notwithstanding the decision in the Morten Case, this court has a number of times dismissed appeals from the first city court where the amount involved was in excess of $100 upon the ground that the transcript had not been filed in conformity with the article of the Code of Practice regulating appeals from the civil district court. O'Reilly v. Buckner, 5 La.App. 661; Collins Piano Co. v. Cospelich, 7 La.App. 277; Evans v. First National Life Ins. Co. (La.App.) 142 So. 356; Roussel v. Wilson, supra.

Our opinion in the Morten Case is not cited in any of the subsequent cases dealing with the subject, and apparently has escaped the notice of both court and counsel. It is at variance with the views we have subsequently expressed and to those which we now entertain.

For the reasons assigned, the motion to dismiss the appeal is sustained.

Motion to dismiss sustained.