## LEWIS v. BURGLASS.
### No. 16143.

Court of Appeal of Louisiana. Orleans.

March 8, 1937.

Frederick G. Veith, of New Orleans, for appellant.

Edward Rightor and W. H. Sellers, both of New Orleans, for appellee.

McCALEB, Judge.

This case has been remanded to us for consideration on its merits by the Supreme Court, see 171 So. 564 (wherein our judgments, see 166 So. 649, and 168 So. 316, dismissing the appeal were set aside).

On October 26, 1933, the defendant sold and delivered to the plaintiff certain bedroom furniture for the sum of $38.60 payable in installments. On December 27, 1934, defendant, acting through his agents and employees, without legal process, wrongfully entered the home of the plaintiff, seized, and took into his possession the furniture on which there was a balance due on the purchase price of $12.10.

The suit is for the recovery of damages in the sum of $300 sustained by plaintiff as a result of the unlawful taking of his

furniture from his home during his absence and without his consent.

Defendant, in answer to the petition, denied liability for the trespass and also filed a reconventional demand for $12.10 representing the balance due on the purchase price of the furniture.

The trial court, after hearing on these issues, found for plaintiff on the main demand in the sum of $50 and for the defendant on the reconventional demand in the sum of $12.10. Plaintiff has appealed from the judgment below, claiming that the award of $50 damages granted by the lower court is grossly inadequate and that the judgment should be increased to the amount sued for.

Counsel for defendant have conceded here the fact of the wrongful and illegal taking of the plaintiff's furniture, but assert that, 'the evidence of plaintiff and his witnesses is such as to be unworthy of belief and that, therefore, the judgment of the court below should be amended by dismissing his claim for damages.

There can be doubt that the jurisprudence of this state is firmly established, beginning with the case of Thayer v. Littlejohn, 1 Rob. 140, that a vendor or transferor of movables, who illegally invades the premises of the vendee and seizes the conveyed property, is responsible in damages. In view of this, the only question before us for determination is whether or not the judgment in favor of plaintiff is inadequate.

Plaintiff claims that, because of the wrongful taking of his bedroom furniture, he and his family were compelled to sleep on the floor for several weeks during the coldest part of the year.

The quantum of damages, which has been permitted in this type of case, has been not less than $200 or more than $750. In Van Wren v. Flynn, 34 La.Ann. 1158, the court allowed $750. In Luthy v. Philip Werlein Co., 163 La. 752, 112 So. 709, recovery was $350. In Perry v. Junius Hart Piano House, Ltd., 10 Orleans App. 170, we allowed plaintiff $400. In Washington v. Singer Sewing Machine Co., 10 Orleans App. 270, we gave judgment for $300. In the cases of Greenlee v. Singer Sewing Machine Co., 10 Orleans App. 271, Bettis v. Singer Sewing Machine Co., 10 Orleans App. 273, and Lalonier v. Philip Werlein Co., Ltd., 13 Orleans App. 235, awards of $200 were allowed. In the last-named case, we said:

"Though the act was not accompanied by violence it should nevertheless be the subject of judicial condemnation."

The trespass and conversion in this case was not accompanied by violence and, in conformity with the majority of cases we have cited, we feel that an award to plaintiff of $200 damages is justifiable.

For the reasons assigned, the judgment appealed from is amended by increasing the award to plaintiff on the main demand from $50 to $200 and, as thus amended, it is affirmed, with costs.

Amended and affirmed.